EMMET THOMAS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 4, 1915.

1. The failure of the court to charge upon circumstantial evidence is not error, especially when the State relies upon direct evidence.

2. Premeditation sufficient appears in the evidence.

3. Errors, not assigned, may not be complained of.

Writ of error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment Affirmed.

*W. L. Zachary* and *E. T. Davis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Emmet Thomas was convicted of the murder of Ruby Barnes, *alias* Ruby Hogan, and to the death sentence pronounced against him for this murder, he prosecutes this writ of error.

The first assignment of error is that the court failed to charge upon circumstantial evidence. The court was not requested to so charge, and the case does not depend upon circumstantial evidence. Ruby's throat and other parts of her body were cut with a razor, and her mother testified to seeing Thomas when he made the last cut, just before he jumped out of the window and escaped. Other

witnesses testified to seeing Thomas and Ruby together just a few minutes before the homicide.

The only other assignment argued is based upon the sufficiency of the evidence as to premeditation. There was evidence of threats to kill the girl made a month or more prior to the actual killing—the two had lived together as man and wife, though not married, and she had broken off this relationship; he had followed her to the home of her parents, they quarreled about resuming the relationship and she refused. At the mother's insistence she goes into the house to make him a cup of coffee. When they get into the room to themselves he begins slashing her with a razor, a favored weapon of the negro race, finally breaking it off in her neck. We think premeditation sufficiently appears.

It is argued in the brief that the court erroneously permitted deputy sheriffs to testify as to alleged con fessions. No assignment of error presents this ruling for our consideration.

We are clear that the State's case was fully made out, and that error has not been shown.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.