MATHEWS, Justice.
Appellant was tried upon the first and second counts of an information which contained four counts. The first count charged that the appellant Cain, Arlie Broughton and Calvin Starling committed arson by burning a tobacco house belonging to Aileen S. Cail. The second count charged that Broughton and Starling committed the offense and that Cain was an accessory before the fact. Broughton and Starling entered a plea of guilty and the appellant Cain entered a plea of not guilty to each of said counts. The jury returned a verdict finding Cain guilty as charged. Motion for new trial was filed and denied and the Court sentenced appellant Cain to ten years. From this judgment and sentence he appeals.
The first assignment of error is that the criminal conspiracy was abandoned before its execution and, therefore, evidence of a defendant charged jointly with appellant-defendant Cain as a principal and as an accessory before the fact was inadmissible. This question pre-supposes a state of facts which were not shown to exist. There is no sufficient showing that the conspiracy was abandoned. The evidence was sufficient to show that all three entered into a conspiracy and that the same was not abandoned but was continued with the acquiescence, knowledge and assistance of the appellant-defendant Cain. The *560 proof being sufficient that the conspiracy was not abandoned, the testimony of the co-conspirators was admissible. No good purpose would be served by burdening this opinion with a recitation of the testimony. 22 C.J.S., Criminal Law, § 754, page 1288, and § 775, page 1326.
The next question raised is that the defendant Cain could not 'be convicted as a principal in the first degree as charged in the first count and as an accessory before the fact as charged in the second count and be adjudged guilty as charged in the information, and a valid sentence imposed upon 'him on such adjudication. The judgment entered against the appellant-defendant Cain contained the following :
“ * * * the Court adjudges you * * * Horace Washington Cain * * * Guilty of Arson in the Second Degree.
******
“It is therefore the Order, Judgment and Sentence of the Court that you, Horace Washington Cain, for the crime for which you have been and now stand convicted, be forthwith delivered by the Sheriff of Bradford County, Florida, to the State Penitentiary of the State of Florida, and that you, Horace Washington Cain, be confined therein, at hard labor, for the full end and term of ten (10) years from the date of your delivery thereto.”
It will, therefore, be observed that notwithstanding the appellant was convicted as charged, the judgment was that he was guilty in the second degree and the sentence was imposed upon him based only on the judgment of conviction in the second degree. This was a proper judgment and sentence.
The question now proposed by the appellant was not raised in the assignments of error. He never objected in the Court below .and never made any motion for an election. The first time we find the question raised is in his brief in this Court. The evidence was more than sufficient to support the verdict of guilty under the second count. The penalty was the proper penalty for a judgment of guilty on the second count. There is no merit to this contention. Thomas v. State, 69 Fla. 692, 68 So. 944; Hysler v. State, 136 Fla. 563, 187 So. 261.
We have carefully considered the record in this case and the other questions presented are not of sufficient importance to merit a detailed discussion. It is sufficient to say that they are without merit.
Affirmed.
ROBERTS,, C. J., and TERRELL and SEBRING, JJ., concur.