Thomson v. The State of Florida—Syllabus.

JUNIUS C. THOMSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 10, 1919.

1. Where the defense of insanity is relied upon, the rule in force in this State is, that if the evidence introduced tends to rebut the presumption of sanity on the part of the accused, and the jury, after due consideration of all the evidence, entertain a reasonable doubt as to his sanity, it is their duty to acquit.

2. The statutory definition of murder, "the unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed," includes the element of a rational agency, and it devolves upon the State to show this as well as any other element of the crime. The law, however, presumes that all men are sane, and in the absence of evidence indicating a contrary state of mind, both court and jury are justified in acting upon this presumption; and where the evidence establishes the criminal act, and indicates nothing as to the mental capacity of the accused to commit the deed, a conviction is not only authorized, but should be had. If, however, there arises from the evidence, coming from any quarter, a reasonable doubt as to the sanity of the accused, the presumption of the law is overcome and he is entitled to an acquittal, unless the State meets and overcomes this reasonable doubt arising in his favor.

3. Where insanity of a permanent type, or of a continuing nature, or possessed of the characteristics of an habitual or confirmed disorder of the mind, as distinguished from temporary or spasmodic mania, or disorders of mind produced by the violence of disease, is shown to have existed a short time prior to the commission of an act, it is presumed to continue up to the time of the commission of the act, unless this presumption is overcome by competent testimony.

4. The verdict of a jury will not be set aside on evidence of facts complicated and contradictory and which require an investi-

gation into the character and credit of witnesses whose testimony it is necessary to compare and weigh; nor will the verdict be set aside as against the weight of the evidence unless it preponderates so strongly against the verdict that the court cannot conclude such verdict was the result of a due consideration of the evidence; but a verdict that is clearly against the evidence should be set aside. The evidence in this case considered and held not to sustain the verdict.

5. Where insanity of the defendant is a real issue in a criminal prosecution, the court should charge the jury that if the defendant is acquitted on the ground of insanity, they should so state in the verdict in order that appropriate action may be taken by the court under Section 3992 of the General Statutes of 1906.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

ELLIS AND WEST, J. J., dissent.

*G. A. Worley & Son,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—It apears that Thomson shot and killed his wife and also shot himself in a room where only the two persons were. He recovered and was indicted for fatally shooting his wife "unlawfully, feloniously and from a premeditated design to effect" her death. A motion to quash the indictment was overruled. A motion for a continuance for the term was denied and exception noted.

Under a plea of not guilty the defense interposed was

insanity at the time of the homicide. The defendant was convicted of murder in the first degree with a recommendation for mercy by seven of the jurors. A motion for new trial was denied and a writ of error was taken to a judgment imposing life imprisonment.

The indictment states that it was found "at the Spring Term" "of the Circuit Court for Dade County;" but it was presented in open court on February 14, 1919, which was in the Winter Term of the court.

The statement as to the term is immaterial and as it could not have misled any one, it is mere harmless surplusage. Chapter 7351, Acts of 1917, under which the term of the court was held provides for the terms of the court each year, viz: the Fall Term commencing in Dade County on the second Tuesday in November; the Winter Term commencing in Dade County on the second Tuesday in February; and the Spring term commencing in Dade County on the second Tuesday of May. This statute is not subject to the criticism that its provisions are not covered by its title. While the court did not grant a continuance for the term, the trial of the case was postponed for about five weeks, which was within the discretion of the court, and a consideration of the record discloses no abuse of a sound discretion in ordering the postponement and in denying a continuance for the term.

The testimony bearing upon the question of the defendant's sanity and legal responsibility for the homicide is voluminous, and no useful purpose would be served by a statement here of even a meagre outline of it. The verdict is guilty of murder in the first degree, and upon a careful reading of the entire evidence the conclusion seems inevitable that it clearly raises a reasonable doubt as to the defendant's sanity at the time of the homicide;

and as the defendant is entitled to the benefit of such a doubt, the verdict on this record is contrary to the legal effect of the evidence and to the charge of the court.

Where the defense of insanity is relied upon, the rule in force in this State is, that if the evidence introduced tends to rebut the presumption of sanity on the part of the accused, and the jury entertain a reasonable doubt, after due consideration of all the evidence as to his sanity, is their duty to acquit.

The statutory definition of murder, "the unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed," includes the element of a rational agency, and it devolves upon the State to show this as well as any other element of the crime. The law, however, presumes that all men are sane, and in the absence of evidence indicating a contrary state of mind, both court and jury are justified in acting upon this presumption; and where the evidence establishes the criminal act, and indicates nothing as to the mental capacity of the accused to commit the deed, a conviction is not only authorized, but should be had. If however, there arises from the evidence, coming from any quarter, a reasonable doubt as to the sanity of the accused, the presumption of the law is overcome and he is entitled to an acquittal, unless the State meets and overcomes this reasonable doubt arising in his favor.

Where insanity of a permanent type, or of a continuing nature, or possessed of the characteristics of an habitual or confirmed disorder of the mind, as distinguished from temporary or spasmodic mania, or disorders of mind produced by the violence of disease, is shown to have existed a short time prior to the commission of an act, it is presumed to continue up to the time of the commission

of the act, unless this presumption is overcome by competent testimony.

The verdict of a jury will not be set aside on evidence of facts complicated and contradictory and which require an investigation into the character and credit of witnesses whose testimony it is necessary to compare and weigh; nor will the verdict be set aside as against the weight of the evidence unless it preponderates so strongly against the verdict that the court can not conclude such verdict was the result of a due consideration of the evidence; but a verdict that is clearly against the evidence should be set aside. The evidence in this case considered and held not to sustain the verdict. Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618.

Where insanity of the defendant is a real issue in a criminal prosecution, the court should charge the jury that if the defendant is acquitted on the ground of insanity, they should so state in the verdict in order that appropriate action may be taken by the court under section 3992 of the General Statutes of 1906. Scott v. State, 64 Fla. 490, 60 South. Rep. 355. See also Barnes v. Carr, 65 Fla. 91, 61 South. Rep. 185; Thomas v. State, 47 Fla. 99, 36 South. Rep. 161; Davis v. State, 44 Fla. 32, 32 South. Rep. 822.

The judgment is reversed for a new trial and appropriate proceedings thereon.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent.