GORDON REGISTER v. STATE

163 So. 219
Division A.
Opinion Filed September 24, 1935.

*E. Snow Martin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—Plaintiff in error was found guilty by a jury of assault with intent to commit murder in the second degree and from the sentence and judgment of the Criminal Court of Record of Polk County adjudging him guilty of such offense and sentencing him to five years imprisonment therefor, has' prosecuted this writ of error.

The defense was insanity, to establish which some substantial evidence had been adduced at the trial. The issue of insanity as a defense had been submitted to the jury in the Court's charge on the law of the case at the conclusion of the evidence, whereupon (as shown by the bill of exceptions) the following happening occurred which is made the basis of an assignment of error for reversal in this Court:

"The jury having retired to consider their verdict, and after having deliberated for approximately one and one-half hours, they returned to the courtroom for further instructions, and the Court asking them if it was' law that

they desired to be instructed upon and they answering yes, the following question was asked by the foreman of the jury:

"'If we render a verdict of "Not Guilty" by reason of insanity, will this verdict automatically turn the defendant a-loose, or will he be confined in the insane asylum?'

"In reply to this question, the Court gave the following instruction:

"'If such a verdict is rendered, the defendant will be released insofar as this Court is concerned. Any adjudication of insanity that will confine the Defendant in the State Insane Asylum will have to come out of the County Judge's Court based upon lunacy proceedings. This Court will refuse to take further consideration in the matter.'"

To the Court's instruction in the particulars aforesaid an exception was duly taken, so the question before us on this writ of error is whether or not reversible error has been made to appear by the proceedings hereinabove delineated from the record.

That, considered as a statement of what the Court was empowered to do, the Court's answer to the jury's inquiry was manifestly incorrect as a proposition of law in view of Section 8399 C. G. L., 6094 R. G. S., is conceded by the Attorney General in his brief.

Said Section 8399 C. G. L., *supra,* provides as follows: "When a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause, and thereupon, if the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person, or may give him into

the care of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged," and is applicable to Criminal Courts of Record as well as the Circuit Courts' when dealing with criminal offenders specifically acquitted by a jury for the cause of insanity, in a verdict of not guilty on that ground.

On the other hand, if the trial judge in making the statement in response to the jury's inquiry, merely intended it as an announcement of what the Judge himself intended to do in the event of an acquittal by the jury on the ground of insanity (as contended for by the Attorney General), it became reversible error when excepted to by the defendant and not thereupon immediately corrected by the Court's withdrawal of it, because such announcement, in effect, invited the jury to pursue its obvious purpose of considering a matter outside the evidence and issues in the case, in order to arrive at a verdict.

The jury should have been informed by the trial court either (1) that what disposition of the defendant should be made in the event of acquittal was no concern of theirs and that they should eliminate that consideration from their deliberations as to the guilt or innocence of the accused, or (2) the Court should have read to the jury Section 8399 C. G. L., *supra,* as an answer to the interrogatory which the jury had propounded.

As it was, the jury, if inclined to give the accused the benefit of the doubt as to his defense of insanity and thereupon to acquit him affirmatively on that ground, was erroneously led by the Court to the belief that by so doing the defendant was required, as a matter of law, to be released by the Court upon society as a criminally inclined insane person. This being so, the palpable effect of the Court's error

was to seriously prejudice defendant insofar as he might have established at that time in the minds of the jury, a reasonable doubt as to his insanity, which would have entitled him to acquittal on that ground. So the judgment was erroneously influenced by an incorrect charge of the Court, the only method of correcting which error is a new trial.

Reversed for a new trial.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.