WORTH ROBERSON v. STATE

188 So. 127.
En Banc.
Opinion Filed April 11, 1939.
Rehearing Denied May 4, 1939.

*Douglas & Schad, Zach H. Douglas* and *Ira J. Carter, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood* and *Thomas J. Ellis,* Assistant Attorneys General, for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment of conviction of murder in the first degree without recommendation to mercy.

The motive shown for the commission of the crime was that the accused believed that the deceased had influenced his (the accused's) mother to cause the accused to be arrested and confined in jail.

The defense was temporary insanity.

The motion for new trial presented four grounds as follows:

"1.  The verdict is contrary to the law.

"2.  The verdict is contrary to the evidence, its weight and sufficiency.

"3.  The evidence is insufficient in law to sustain a conviction of murder in the first degree."

The assignments of error are:

"1.  The Court erred in and by denying and overruling the defendant's motion for a new trial.

"2.  The court erred in and by entering judgment and imposing sentence."

The controlling question for us to determine is whether or not there was sufficient substantial evidence to support the verdict and if so then whether or not the evidence of mental derangement was such that the jury could not arrive at the conclusion that his mental condition was such that he was capable of realizing the consequences of his act and that he could formulate and carry into effect at and before the time of the commission of the crime a premeditated design to commit a homicide.

The evidence was amply sufficient to show that the accused committed the homicide charged and that he was guilty of murder in the first degree if his mental condition was such that he could be held responsible for his acts.

The accused was a witness in his own behalf and we think

the jury was justified in finding from his testimony alone that he was guilty of murder in the first degree. He testified that he had been drinking more or less for some forty-eight hours before the homicide and that he was too drunk to realize what he was doing, but his testimony shows that he had the killing of the woman whom he did kill in mind even before he started killing. His testimony showed that he had a clear and distinct recollection of every thing he did, of whom he was with, of what they did and of the time and place at which, he took each and every drink and all was clear until almost the moment the shooting resulting in the death of the deceased started and then from the time the last shot was fired and he fled from the scene until he appeared on the stand. The evidence that he had consumed any large amount of intoxicating liquor during the period involved is not corroborated by other witneses.

There is some evidence that the accused was not mentally normal. The strongest proof of this condition is found in the fact that he assassinated a lone and helpless woman in her home in the night time. The evidence shows that the deceased was shot four times with a 32 calibre pistol; one shot struck her in the face and passed through the base of the brain; one grazed the left shoulder and entered the neck; two struck in the abdominal region of the body, all of which showed rather accurate shooting.

There is also some evidence of insanity in the family of the accused. But there is also ample substantial evidence that the mental condition of the accused was such that he was fully responsible for his acts and fully realized the consequences of such acts.

Murder in the first degree was clearly established and the question of whether or not because of all surrounding conditions the extreme penalty should have been imposed is one which should first be addressed to the jury. The jury

determined that question against the accused. The only other forum to which that question may properly be submitted is that State Board of Pardons. This Court is without legal power to reverse a judgment because of the harshness of penalty inflicted within the provisions of the law and, therefore, we refrain from any expression of views in regard to this feature of the judgment.

The judgment should be and is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, and THOMAS, J. J., concurs.

CHAPMAN, J., concurs specially.

BROWN, J., concurs specially with Justice CHAPMAN.

CHAPMAN, J. (concurring).—The question of the sanity of Worth Roberson, plaintiff in error, has caused me some little trouble in reaching a conclusion of affirmance. This Court has held that every person is presumed to be sane until the contrary appears. See Travis v. Travis, 81 Fla. 309, 87 So. 762. The burden of overthrowing the presumption of sanity is upon the person who alleges insanity. It appears to me that the question of the sanity of the plaintiff in error was a question of fact to be determined, like all other issues of fact, by the jury. See Thomson v. State, 78 Fla. 400, 83 So. 291; Brown v. State, 40 Fla. 459, 25 So. 63.

The question of the sanity of the defendant having been settled adversely to his contention, the question arises whether or not sufficeint evidence is in the record to support such a conclusion. I find ample testimony to support the findings of the jury, although there is strong evidence of insanity appearing in the family of the defendant. If there has developed a change in the mental status of the defend-

ant since the entry of the judgment appealed from, then such changed condition, if any, can be presented to a court of competent jurisdiction for adjudication.

I concur in the opinion prepared by Mr. Justice BUFORD. BROWN, J., concurs.