104 So.2d 601 (1958)
Leslie E. McCLURE (three cases), Appellant,
v.
STATE of Florida, Appellee.
No. 57-256.
District Court of Appeal of Florida. Third District.
July 15, 1958.
*602 Ellis S. Rubin, Miami Beach, and Gene Essner, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., for appellee.
CARROLL, CHAS., Chief Judge.
On Christmas Day of 1956, appellant killed his two small children and his wife. After he and his wife had made a suicide pact, he shot the children and then shot her, but did not shoot himself. On being arrested he admitted the killings.
Appellant was indicted separately for the three murders, and to each indictment pleaded not guilty, and not guilty by reason of insanity.[1] He was tried on the three indictments in a single trial, which resulted in three verdicts of guilty of murder in the first degree with a majority *603 of the jury recommending mercy.[2] Judgments were entered thereon, and the mandatory sentences of life imprisonment followed.
Supported by his assignments of error, appellant asserts two points, contending the court erred (1) in denying his request for separate trials, and (2) in refusing to charge the jury as to the "penalty and/or consequences" of a verdict of not guilty by reason of insanity.
We find no prejudicial error resulted from consolidated trial on the three indictments. In Hall v. State, Fla. 1953, 66 So.2d 863, 864, the Supreme Court held that it was "within the sound discretion of the trial Court to order consolidation for trial or try together two or more informations involving similar or connected offenses."
In the later case of Meade v. State, Fla. 1956, 85 So.2d 613, 614, the Supreme Court was unwilling to sanction such consolidation over objection of a defendant who was separately charged with killing two individuals, and who intended different defenses in the two cases. The court in the Meade case discussed the defendant's reasons for objecting to consolidation and the effect of consolidation on the defendant's rights in that case, as follows:
"* * * First, he represented that in one case he contemplated introducing no testimony but his own, while in the other case he was considering the use of testimony of other witnesses, so if forced to meet both indictments in one trial, the use of the other witnesses relative to the crime charged in one indictment would result in his forfeiting the right to the concluding argument. He claimed also that he would be embarrassed in meeting the state's charges by the dissimilarity in the defenses to the two indictments, and in the proof relevant to the charges. * * *
"We think the objections offered by the appellant were good. We have already seen from the analyses of the indictments that the appellant was charged with having killed his victims with different instruments and in different ways. Conceivably elements peculiar to one homicide would not appertain to the other. The motive in one might not apply to the other. In the trial the appellant claimed that he killed Albonizio in self-defense and that the death of Evelyn Meade was accidental. It is plain from the verdicts that the jury found some difference in the seriousness of the offenses for while the appellant was found guilty, without qualification, of murdering Evelyn Meade the jury recommended mercy in the verdict finding him guilty of killing Albonizio."
The Meade case does not overrule the holding in Hall v. State, supra, as to the discretion of the court in ordering consolidation of criminal cases, but imposed a modification or limitation to the effect that such consolidation may not be employed where from the nature of the alleged crimes involved, or of the defenses thereto, or for other reasons which may be applicable, the defendant will be prejudiced.
Those circumstances must be considered in each case to determine if consolidation would likely result in miscarriage of justice, by loss to the defendant of safeguards with which one accused of crime is surrounded by the law. But the fact that such consolidation is not appropriate in instances where it thus would be prejudicial, is no reason to reject the practice of consolidation, with its proper purposes and procedural benefits, when the alleged offenses are connected and similar, not requiring *604 divergent proofs, and not affording separate or different defenses.
The consolidation of criminal cases, as approved in the Hall case, was cited and followed by the District Court of Appeal, First District, in Blackwelder v. State, Fla. App. 1958, 100 So.2d 834.
In the instant case the appellant killed his wife and the two children in the same manner, by shooting them with a revolver, at or about the same time, in the place where they resided. Although he pleaded not guilty, the facts relating to the killings had been admitted by him and were not in any real dispute at the trial. Under all three indictments his defense was the same, contending insanity at the time of the alleged crimes.
Appellant presented a number of witnesses in support of his plea of not guilty by reason of insanity. We fail to see how the evidence presented by him could have varied in the three cases. What he presented was essential in each, and fit them all.
Appellant argued below, in opposition to the consolidation, and argues here that he would have chosen not to put on witnesses other than himself in support of the plea of not guilty by reason of insanity in one of the three cases, namely, that involving the shooting of his wife, and that he would have gained the advantage of opening and closing argument in that one of the cases. The state counters with the argument that by appellant's own statement of the point it was necessary for him to present the testimony of witnesses on his insanity plea in the other two cases involving the killing of the children, in which he would not have had the right to open and close the argument, and on each of which other two indictments a verdict of guilty of murder in the first degree was returned.
The appellant received the benefit of a jury recommendation for mercy in each of the three verdicts on which he was found guilty of murder in the first degree. If he was to have been found thus guilty under any of the three indictments, he could not have fared better. If the consolidation made a stronger case against him, it was not reflected in the verdicts. The defense of insanity at the time of the commission of the crime was fairly presented, and considered and rejected by the jury as a necessary step in arriving at their verdicts, and we hold that under the circumstances the consolidation for trial of the cases represented by the three indictments was not prejudicial error.
On the second point, involving propriety of the court's denial of the appellant's request that the court charge the jury as to the "penalty" or effect of the verdict of "not guilty by reason of insanity", that matter also was one resting within the sound judicial discretion of the trial court. While the statute provides that the judge's charge to the jury on the law must include the penalty for the offense involved,[3] the requirement has been held not to be mandatory but directory, and one which the trial court may ignore.[4]
With reference to a verdict of not guilty by reason of insanity the law provides that consequent upon such a verdict the defendant may be confined, or otherwise cared for as an insane person, or placed in charge of friends as the court may deem *605 proper, or he may be discharged by the court.[5]
Appellant's brief cites no authority in support of the contention made on his second point. On the other hand, the brief of appellee directs our attention to two decisions of the Supreme Court from which it appears that the court was not required or under a duty to give the charge in question. In Thomson v. State, 78 Fla. 400, 83 So. 291, 292, the court held that a charge should be given as to the form of the verdict, but the statement of the court in that case did not go to the extent of holding it was necessary to inform the jury of the procedures which would apply after an acquittal on the ground of insanity. In the Thomson case the Supreme Court said:
"Where insanity of the defendant is a real issue in a criminal prosecution, the court should charge the jury that, if the defendant is acquitted on the ground of insanity, they should so state in the verdict in order that appropriate action may be taken by the court under section 3992 of the General Statutes of 1906. Scott v. State, 64 Fla. 490, 60 So. 355. See, also, Barnes v. Carr, 65 Fla. 91, 61 So. 185; Thomas v. State, 47 Fla. 99, 36 So. 161; Davis v. State, 44 Fla. 32, 32 So. 822."
The later case of Register v. State, 121 Fla. 9, 163 So. 219, 220, presented a situation where the jury after having retired to consider their verdict returned and inquired of the court as to the effect which would be given to a verdict of not guilty by reason of insanity, and as to which the Supreme Court said:
"The jury should have been informed by the trial court either (1) that what disposition of the defendant should be made in the event of acquittal was no concern of theirs, and that they should eliminate that consideration from their deliberations as to the guilt or innocence of the accused, or (2) the court should have read to the jury section 8399, Comp.Gen.Laws,[6] supra, as an answer to the interrogatory which the jury had propounded."
The provisions of § 919.11, Fla. Stat., F.S.A., which are set out in the margin in footnote No. 5, showing the disposition which the court shall make of a defendant who is acquitted by a jury for the cause of insanity, are provisions of law which are applicable to such a case, and it would have been proper for the court to include them in the charges to the jury. However, as shown by the Thomson and Register cases referred to above, the court's denial of a request to so charge the jury was not error.
The statute which provides that the court's charge shall include a charge as to the penalty fixed by law for the offense for which an accused is on trial,[7] which was relied on at the trial by the appellant as authority requiring the charge to be given, furnishes no reason here to hold the trial court in error. This is so for two reasons. First, the statute was not applicable to the charge requested. It calls *606 for charging as to the penalty "for the offense for which the accused is then on trial." The accused was being tried for murder. The provisions for dealing with a defendant acquitted for the cause of insanity are not penalties, to be imposed upon conviction of an offense, but are procedures which follow a form of acquittal. Secondly, if the statute could be considered applicable in this instance, it was held in Simmons v. State, 160 Fla. 626, 36 So.2d 207, that the provision for charging the jury as to the penalty for the offense for which an accused is on trial is directory and not mandatory.
The judgments appealed from are affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The authority to plead not guilty by reason of insanity, as a basis for defending at the trial on the ground of insanity of the defendant at the time of commission of the alleged offense, and the procedure relating thereto are set out in § 909.17, Fla. Stat., F.S.A.
[2] § 919.23 id. provides: "(2) Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; * * *"
[3] "The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial." § 918.10(1), id.
[4] See Simmons v. State, 160 Fla. 626, 36 So.2d 207, 209, where it was said: "The provision of the statute in question [§ 918.10(1), Fla. Stat., F.S.A.] must be interpreted as being merely directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial."
[5] The provisions applicable in the case of acquittal for the cause of insanity are set forth in § 919.11, Fla. Stat., F.S.A., as follows: "When a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause, and thereupon, if the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person, or may give him into the case of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged."
[6] That statute now appears as § 919.11, Fla. Stat., F.S.A., as set out in footnote No. 5, supra.
[7] See footnote No. 3.