PER CURIAM.
The appellant, who was convicted of leaving the scene of an accident involving a fatality, presents a single point on his appeal. He urges that the trial court erred in adjudicating him guilty because the evidence demonstrated he was insane when the illegal act was committed.
Since sanity is a usual condition of man, one charged with a crime is presumed to be sane. Davis v. State, 44 Fla. 32, 32 So. 822, 828 (1902); Evans v. State, Fla.App.1962, 140 So.2d 348. Therefore, one who pleads insanity as a defense to a crime has the burden of establishing his insanity by raising a reasonable doubt as to his sanity at the time the illegal act was committed. McVeigh v. State, Fla.1954, 73 So.2d 694, 697; Camp v. State, Fla.App. 1963, 149 So.2d 367, 370. If he is able to establish such a reasonable doubt, the presumption vanishes; and the defendant is entitled to be acquitted if the state fails to overcome that reasonable doubt. Thomson v. State, 78 Fla. 400, 83 So. 291 (1919); Byrd v. State, Fla.App.1965, 178 So.2d 886.
The evidence as to the sanity of the appellant was in conflict. It was within the province of the trier of fact to resolve the conflict in favor of the sanity of the defendant. Crum v. State, Fla.App.1965, 172 So.2d 24. A review of the record now before us reveals that the decision of the trier of fact is amply supported by the evidence in the record.
Affirmed.