PER CURIAM.
Respondent, defendant in Metropolitan Court in and for Dade County, was convicted of the offense of disorderly conduct. Following the conviction, an appeal was duly prosecuted to the Circuit Court in and for the Eleventh Judicial Circuit, whereupon the circuit judge affirmed the conviction but reduced the sentence from five days in jail and $150.00 fine to a $50.00 fine, pursuant to the provisions of § 932.52 (13), Fla.Stat., F.S.A., authorizing the circuit judge to reduce municipal sentences. Thereafter, the County filed the instant petition for certiorari, contending that the circuit judge departed from the essential requirements of the law in reducing the sentence, the principal thrust being that the metropolitan court is not a municipal court as referred to in § 932.52, Fla.Stat., F.S.A. The respondent has filed a cross-petition for certiorari, contending that the trial judge should have quashed her conviction in the metropolitan court.
We approve of the action of the circuit judge. There is no merit in the cross-petition. See: State v. Katz, Fla.App. 1959, 108 So.2d 60; Berger v. State, Fla.App. 1965, 174 So.2d 456.
The County’s petition for certiorari presents a more difficult problem. In this County, prior to the formation of the metropolitan government, the commission of an offense such as that involved in the instant cause [if committed in the unincorporated area of Dade County] would have been tried in the appropriate court as a misdemeanor and the sentence imposed by the trial judge as to excessiveness would have been subject to review by the Pardon Board. See: Green v. State, 121 Fla. 307, 163 So. 712; Roberson v. State, 137 Fla. 526, 188 So. 127; Brown v. State, 152 Fla. 853, 13 So.2d 458; Art. IV, § 12, Constitution of the State of Florida, F.S.A. If the offense had been committed in a municipality and the accused had been so charged and convicted, then the excessiveness of the sentence could have been reviewed under § 932.52(13), Fla. Stat., F.S.A. [authorizing circuit judges to review and reduce municipal sentences]. The County admits with candor that if its position is correct, sentences adjudicated in the metropolitan court are not reviewable by § 932.52(13), Fla.Stat., F.S.A., [relating to municipal courts] ; that they are not reviewable by the Pardon Board for excessiveness, and a person convicted in the Metropolitan Court of Dade County has no forum in which to seek a reduction of sentence [relying on County of Dade v. Saffan, Fla. 1965, 173 So.2d 138, wherein the supreme court indicated that, for purposes of appeal, the metropolitan court was not a municipal court].
We find that the metropolitan court partakes, in some instances, of the functions of a municipal court and in others of a trial court, as referred to in Art. VIII, § 11(1) (f), Constitution of the State of Florida. However, to adopt the County’s reasoning would deprive the citizens of Dade County of rights; i. e., to have sentences for such offenses as those involved in the instant case reviewed for excessiveness, which rights are possessed by citizens of the other sixty-six counties of this State. And, we adopt the view that as to the question of testing the excessiveness of a sentence the Metropolitan Court of Dade County [in rendering a sentence for an offense such as is involved in the instant case] is discharging a responsibility in the nature of a mu *897 nicipal court and such sentence may be reviewed pursuant to § 932.52(13), Fla.Stat., F.S.A. Otherwise, the citizens of Dade County will be denied the equal protection of the law. See: Boynton v. State, Fla. 1953, 64 So.2d 536; § 1, Declaration of Rights, Constitution of the State of Florida; Fourteenth Amend., Constitution of the United States; 6 Fla.Jur., Constitutional Law, §§ 296, 298 ; 4 F.L.P., Constitutional Law, § 101.
Therefore, for the reasons stated above, the petition and cross-petition for the issuance of writs of certiorari be and the same are hereby denied.