272 So.2d 860 (1973)
Franklin C. CLAYTON, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 72-288.
District Court of Appeal of Florida, Third District.
January 31, 1973.
Rehearing Denied February 26, 1973.
Joel Robrish, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian and William L. Rogers, Asst. Attys. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant defendant seeks review of his conviction and sentence of ten years in the State Penitentiary pursuant to a non-jury trial finding the appellant guilty of third degree murder. We affirm the conviction and sentence.
On August 15, 1971, the appellant ingested a hallucinogenic drug[1] and began to experience the effects thereof shortly thereafter. At his request, the appellant was taken by his girl friend and relatives to a hospital where he was refused assistance. Returning home, the appellant jumped out of the car and ran back to the apartment building where his mother and stepfather resided. Appellant ran through the building and broke through a glass door into one apartment, suffering slight lacerations therefrom. Appellant proceeded to his mother's apartment and grabbed a knife. Appellant's sister attempted to stop him but was stabbed in the attempt. Appellant ran out of the apartment and while passing the decedent on the walkway, stabbed him in the heart and killed him. Appellant collapsed outside the complex and was taken into custody.
Testimony at trial and the reports of court appointed and independent psychiatrists and psychologist showed that four out of five doctors felt that the appellant was legally insane at the time of the killing *861 due to his drug induced state. However, the report of Dr. Charles B. Mutter indicated:
"It is within medical probability that this drug rendered this patient mentally incompetent at the time of the alleged offense, i.e., he knew the difference between right and wrong but was incapable of adhering to the right." [Emphasis supplied.]
Appellant presents three arguments in support of reversal: 1) the evidence did not establish commission of a felony (possession of hallucinogenic drugs) in order to sustain a conviction for third degree murder pursuant to § 782.04, Fla. Stat., F.S.A.;[2] 2) that appellant was insane as a matter of law at the time of the offense and should have been adjudicated not guilty by reason of same; and 3) motion for a new trial should have been granted due to the legal insufficiency of the evidence to prove guilt beyond a reasonable doubt.
Appellant's first point is not supported by the record. During the course of the trial of this cause the following colloquy between counsel for the appellant and the court took place: (R. 15-16)
"THE COURT: Now as I understand, all of the doctors seem to agree that at the time of the alleged offense and what we are trying to work out with all the doctors here and the purpose of the hearing was, and correct me if I am wrong, does the Defendant stipulate and admit that he was using LSD at the time?
"MR. ROBRISH: We will stipulate and admit the defendant was using a drug, which could reasonably be assumed to be LSD. The defendant has no knowledge of what actually it was. He didn't test it and did not know what it was at the time. It was a hallucinogenic drug.
"THE COURT: You will stipulate it was some type of hallucinogenic drug?
"MR. ROBRISH: Yes, sir.
Florida Statute, § 404.02(5), F.S.A., defines the crime of "... actual or constructive possession or control of a hallucinogenic drug ..." except under certain instances not at issue herein. § 404.15, Fla. Stat., F.S.A., makes violation of the aforesaid statute a felony. Thus, in the instant case, we are of the opinion that the record adequately reflects competent substantial evidence to sustain a conviction for murder in the third degree.
Appellant's second point is that he was insane at the time of the offense, as a matter of law, and should thus have been acquitted. The evidence in the case sub judice dealing with the sanity of the appellant was in conflict and it was within the province of the trier of fact to resolve the conflict in favor of the appellant's sanity. Crum v. State, Fla.App. 1965, 172 So.2d 24; French v. State, Fla.App. 1972, 266 So.2d 51. Moreover, we cannot agree with the appellant's argument that this court should accept a test of insanity other than the McNaghten Rule which has long been accepted in this state. Davis v. State, 44 Fla. 32, 32 So. 822; Parkin v. State, Fla. 1970, 238 So.2d 817.
Appellant's third contention is solely a reiteration of previous points and is likewise without merit.
Therefore, for the reasons and upon the authorities cited, the judgment appealed from is hereby affirmed.
Affirmed.
NOTES
[1] At the trial, defense counsel stipulated that the appellant had taken and was under the influence of a hallucinogen at the time of the act.
[2] Fla. Stat., § 782.04, F.S.A., provides, in part:

"Murder 
"(1) The unlawful killing of a human being ...
"(3) When perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery, burglary, the abominable and detestable crime against nature, or kidnaping, it shall be murder in the third degree... ."