275 So.2d 284 (1973)
Charles WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-454.
District Court of Appeal of Florida, Third District.
March 27, 1973.
*285 Jack J. Taffer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant was tried non-jury, convicted of murder in the first degree and sentenced to life in prison. He appeals and urges error in the following particulars: (1) It was error to deny the defendant access to grand jury testimony; (2) it was error to find the defendant legally sane at the time of the commission of the crime; (3) the conviction was not supported by the evidence.
Turning to point one, we find no error. Defense counsel requested the transcript of grand jury testimony of one Frank Young whose testimony at trial was conflicting. The grand jury testimony was reviewed in camera by the trial judge, who, unable to find any material discrepancies, refused to release it to defense counsel. This procedure is in accord with Minton v. State, Fla. 1959, 113 So.2d 361, which is controlling. In Minton the Florida Supreme Court held that if the trial judge finds in grand jury testimony merely unconsequential deviations, he is not required to provide the cross-examiner a basis for ranging over a wide area of collateral and minute detail. See also Jackman v. State, Fla.App. 1962, 140 So.2d 627.
As to the second point, the defendant's sanity, the evidence was in conflict. Two doctors testified that the defendant was unable to distinguish right from wrong at the time of the offense. However, one of the doctors expressed his opinion as a reasonable medical probability rather than a certainty. He also further qualified his opinion. In addition, the arresting officers testified to the effect that at the time of arrest they thought defendant to be normal. It is well established that where evidence as to defendant's sanity is in conflict, it is within the province of the trier of fact to resolve the conflict in favor of the sanity of the defendant. French v. State, Fla.App. 1972, 266 So.2d 51; Sallavirta v. State, Fla.App. 1968, 210 So.2d 487; Crum v. State, Fla. App. 1965, 172 So.2d 24. The above statement is true even where the conflict is between the testimony of lay witnesses and the opinions of psychiatrists. See Blatch v. State, Fla.App. 1968, 216 So.2d 261; Brady v. State, Fla.App. 1966, 190 So.2d 607; Byrd v. State, Fla.App. 1965, 178 So.2d 886; Norman v. State, Fla.App. 1963, 156 So.2d 186.
*286 We have considered appellant's third point on appeal and find that to be without merit.
Accordingly, the judgment of the lower court is hereby affirmed.
Affirmed.