PER CURIAM.
Defendant-appellant was indicted for rape, tried by jury, found guilty, and sentenced to 25 years in the state penitentiary.
Defendant-appellant has presented some nine points on appeal, only a few of which merit some discussion.
Appellant first urges as error the refusal of the trial court to instruct the jury on the Durham rule of insanity.
Since 1902, Florida expressly has followed the “M’Naghten” Rule, which still is the test for insanity at the present time. Anderson v. State, Fla.1973, 276 So.2d 17. Thus this point of appellant must fail.
Defendant also argued that the court erred in declaring him competent[1] to stand trial. We cannot agree.
As to the issue of defendant’s sanity, the evidence was in conflict and it was within the province of the trier of the fact to resolve the conflict of the sanity of the *252 defendant. Crum v. State, Fla.App.1965, 172 So.2d 24.
As another point on appeal, appellant contends the trial court erred in denying his motion for judgment of acquittal.
It is well settled that an appellate court may not substitute its judgment for that of the trier of facts where there is sufficient competent evidence to support the verdict. Moreover, it is clearly established that the judgment of guilty comes to this court with a presumption of correctness and all inferences to be drawn from the evidence are to be in favor of guilt. Evans v. State, Fla.App.1969, 218 So.2d 515. After a careful examination of the record on appeal we find there was competent substantial evidence contained therein to sustain the judgment of conviction.
We also considered appellant’s remaining points of appeal and find them to be lacking in merit.
Accordingly, the judgment herein appealed is affirmed.

. Defendant’s alleged incompetence was the basis of several other points on appeal.