319 So.2d 611 (1975)
Delma DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1696.
District Court of Appeal of Florida, Third District.
September 16, 1975.
*612 Phillip A. Hubbart, Public Defender and Mark King Leban, Asst. Public Defender, and Thomas G. Murray, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant by an information filed on April 12, 1971 was charged with two counts of assault with intent to commit murder and two counts of robbery. By information filed December 21, 1972 defendant was charged with rape following an indictment therefor returned by the grand jury. At the conclusion of a jury trial on the charges enumerated above, defendant was found guilty on all counts except one of the robbery counts. Defendant was sentenced to life terms for the robbery and rape counts and 15 years imprisonment each on the two assault with intent to commit murder counts. This appeal follows.
Having examined appellant's first two points on appeal and concluded they are without merit, we next considered appellant's third point, to wit: the trial court erred in refusing defendant's requested jury instruction on the consequences of a verdict of not guilty by reason of insanity.
This same issue has been raised previously and we held that the trial judge was not required or under a duty to give such a charge, but rather it was a matter resting within his sound judicial discretion. See McClure v. State, Fla.App. 1958, 104 So.2d 601. In light of the recent Florida Supreme Court holding in Johnson v. State, Fla. 1974, 308 So.2d 38, we still find the McClure case to be good law. Thus, this point of appellant must fail.
Defendant-appellant's fourth and last contention is that the trial court erred in denying defense motion for a new trial where the state failed to adduce any testimony that would prove beyond a reasonable doubt that the defendant was legally sane at the time of the alleged offense.
There is numerous authority to support the proposition that where evidence as to the defendant's sanity is in conflict, it is within the province of the trier of the facts to resolve the conflict in favor of the sanity of the defendant even where the conflict is between the testimony of lay witnesses and opinions of psychiatrists. See Byrd v. State, Fla. 1974, 297 So.2d 22; Clayton v. State, Fla.App. 1973, 272 So.2d 860; Williams v. State, Fla.App. 1973, 275 So.2d 284; Bethel v. State, Fla. App. 1974, 305 So.2d 251.
*613 There being conflicting testimony as to the sanity of the defendant-appellant in the case sub judice, it was within the province of the jury to determine this question of fact and we will not disturb this determination on appeal.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.