339 So.2d 293 (1976)
John L. RINGGO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-527.
District Court of Appeal of Florida, Second District.
November 19, 1976.
Enrique Escarraz, III, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GREEN, OLIVER L., Jr., Associate Judge.
It is an interesting aspect of our system of justice that a trial judge may err while observing the current directives controlling his conduct. Such is the situation in the instant case.
The trial below occurred on January 22, 1975. The defendant pled not guilty by reason of insanity. The defendant requested an instruction as to the effect of a verdict of not guilty by reason of insanity under Fla.R.Crim.P. 3.460. The request was denied under the existing authority of McClure v. State, 104 So.2d 601 (Fla.3d DCA 1958), which held that while the trial court may instruct the jury as to those consequences, a refusal to do so does not constitute error.
The issue of the defendant Ringgo's sanity was vigorously litigated below, resulting in verdicts unfavorable to him.
This same question has, since the date of the trial below, been decided differently in the case of Roberts v. State, 335 So.2d 285 (Fla. 1976), wherein the Supreme Court ruled that failure to thus instruct on the effects of Rule 3.460, constituted reversible error under the so-called "Lyles rule." (Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725 (1957).) The ruling of McClure was thereby altered, and there is nothing in the Roberts opinion to suggest that its principle should be given only prospective effect.
The ruling in Roberts v. State applies in all respects to the issue herein being considered. We have also considered the remaining points on appeal, finding that the above stated matter constitutes the sole basis for reversal.
*294 We are not unmindful of the fact that no doubt exists as to the heinous conduct of the defendant. Neither are we unmindful that the jury had before it competent evidence bearing on the issue of insanity. Nevertheless, we are compelled to reverse on the authority of Roberts v. State, supra.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and GRIMES, J., concur.