ERVIN, Judge.
Appellant, Miles R. Williams, Jr., convicted of third degree felony murder, challenges his conviction, arguing that the evidence produced at trial was insufficient to sustain the conviction, and that certain statements he made to a police officer without proper Miranda[1] warnings should not have been admitted into evidence at the trial.[2] Because we determine that the trial court did not err in admitting appellant’s statements, we conclude that the state produced sufficient evidence to sustain appellant’s conviction, and affirm.
During the early morning hours of November 13, 1988, after an evening of drinking and using cocaine, appellant and the victim, appellant’s live-in girlfriend, retired to their room. They engaged in various sexual activities, including putting cocaine in the victim’s vagina, which shortly thereafter caused the victim to go into convulsions. She was taken to the hospital, where appellant admitted to a police officer that he had put the cocaine inside the victim’s vagina. The victim died from the cocaine overdose the following day.
We find no error in the admission of statements appellant made to the police officer. Although it is true that appellant was not first Mirandized before making the statements, the procedural safeguards recognized in Miranda do not apply outside the context of inherently coercive custodial interrogations. Here, appellant made the statements to the police officer while waiting outside the emergency room at the hospital. The conversation was brief, and at no time did appellant object to the questioning. The officer testified that appellant was not then charged with any crime, in custody, or under arrest. The statements to the police officer were made in response to the initial background, information-gathering questions the police officer asked after he had arrived at the hospital in order to ascertain what had occurred. Under the circumstances, it seems unlikely that a reasonable person in appellant’s position would have believed that he was in custody at the time he made the statement to the officer. See Cornell v. State, 523 So.2d 562 (Fla.) (defendant who agreed to go to sheriff’s office to have his fingerprints taken, who was interviewed by a detective for approximately half an hour because he was a family member of the victim and had information which might be useful in solving the crime, and who was not under arrest, was free to leave the station at any time, never objected to any questions or refused to talk, and left the station following the interview was not in custody; therefore the strictures of Miranda were inapplicable, and the police were not required to advise appellant of his constitutional rights), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Thus, the trial court in the case at bar did not err by allowing the police officer to testify regarding appellant’s statements.[3]
Third degree felony murder is defined as “[t]he unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate” certain felonies, including the offense of actual or constructive possession of cocaine. §§ 782.04(4), 893.13(l)(f), Fla. Stat. (1987). Certainly, case law in Florida supports third degree felony murder convictions under similar circumstances in which the underlying felony is possession *201 of cocaine. See Howard v. State, 545 So.2d 352 (Fla. 1st DCA) (upholding a third degree felony murder conviction based upon underlying felony of possession with intent to sell cocaine, upon facts showing that defendant and deceased were partners in cocaine processing and distributing deal, and when stopped by police, deceased ate cocaine and died), review denied, 553 So.2d 1165 (Fla.1989); Blair v. State, 481 So.2d 1279 (Fla. 3d DCA 1986) (third degree felony murder conviction affirmed upon facts showing that defendant supplied drugs to victim who died of drug overdose); Clayton v. State, 272 So.2d 860 (Fla. 3d DCA 1973) (third degree felony murder conviction upheld upon facts showing that defendant, while in possession of LSD, stabbed victim in the heart).
Because the state produced evidence in the case at bar that showed actual possession of cocaine by appellant, and that he put cocaine in the victim’s vagina, appellant’s third degree felony murder conviction is sufficiently supported by the evidence.
AFFIRMED.
WENTWORTH and MINER, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Appellant was also convicted of possession of cocaine, but does not urge reversal of that conviction in this appeal.

. Because a similar statement appellant made to the emergency room doctor, indicating that he had put the cocaine in the victim’s vagina, was properly admitted into evidence under Section 90.803(4), (18), Florida Statutes (1987), even if we were to conclude that Miranda warnings were necessary, the error would be harmless. Caso v. State, 524 So.2d 422, 425 (Fla.) (“The erroneous admission of statements obtained in violation of Miranda rights is subject to harmless error analysis.”), cert. denied, — U.S. -, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988).