PETERSON, Judge.
Jerry Mount Peek appeals the judgment entered and sentence imposed following his plea of no contest to the charge of possession of cocaine. Peek reserved the right to challenge the trial court’s earlier denial of his motion to suppress evidence. We affirm.
A City of Cocoa police officer was dispatched to the Manorwood Apartments after an anonymous caller reported drug sales at an apartment complex which was known by the police to be a location of previous drug activity. Upon arrival, the officer recognized Peek, who was approaching an automobile. The officer stopped his patrol car nearby, and said, “Hey, Jerry, hey, man, come here a minute.” As Peek turned and started walking toward him, the officer noticed Peek’s clenched fist. When Peek arrived at the officer’s car, the officer asked what he was holding. Peek responded by displaying his empty hands. The officer then got out of his car and discovered a cocaine rock next to his car approximately one to two feet distant from Peek. The officer picked up the rock and asked Peek if it belonged to him and if he had dropped it. Peek indicated that someone on the other side of the apartments gave him a piece of cocaine to give to the occupants of the automobile and that he was to receive five or ten dollars for the delivery. Peek was then told that he was being placed under arrest.
Peek argues that the officer’s request that he come to the patrol car was a stop without founded suspicion in violation of the Fourth Amendment, that the questioning without a Miranda warning about the ownership of the cocaine rock was a Fifth Amendment violation, and that therefore evidence of the cocaine rock and Peek’s statements should be suppressed. The encounter did not amount to a stop, and there was no Miranda violation. A policeman may ask questions of a person in a street encounter without violating fourth amendment rights. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Som *1382 mer v. State, 465 So.2d 1339 (Fla. 5th DCA 1985); Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985). Miranda rights do not attach until there is an in-custody interrogation, and nothing in the record suggests that the officer placed appellant in custody prior to the incriminating statement. See Williams v. State, 564 So.2d 199 (Fla. 1st DCA 1990); Morris v. State, 557 So.2d 27 (Fla.1990).
The trial court correctly denied the motion to suppress.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.