PER CURIAM.
Pierre Viovenel appeals his convictions and sentences imposed after the trial court found him guilty of three counts of attempted first degree murder, and one count each of trespass in a structure and criminal mischief, following a nonjury trial. We affirm.
In November, 1987, Frans Boivier was about to exit his home when his roommate, Viovenel, came at Boivier swinging a pair of scissors and yelling “I’m going to damn kill you.” Viovenel stabbed Boivier in the stomach, head and leg. Viovenel then ran out of the house where he encountered Boivier’s aunt and stabbed her also. Viov-enel then ran into a neighbor’s yard and chased a young boy into the neighbor’s house. Viovenel cut open a screen door, ran into the house, stabbed a young girl sitting on the floor and attempted to stab the girl’s mother. However, the mother was able to fend off his attack with her walker, causing Viovenel to drop the scissors. Viovenel then ran out of the house, continued down the street and climbed over a fence in another neighbor’s yard. He tried to get in the house by pulling on a door but was unable to open it. He eventually entered another home where he was arrested by police.
Viovenel filed a notice of intent to rely on an insanity defense. At trial, the state offered lay witness testimony to establish the elements of the crimes and to testify as to Viovenel’s sanity. Viovenel called three psychologists who were qualified as experts. One doctor testified that he did not have enough information to eome to a conclusion as to Viovenel’s sanity at the time of the crimes. The other two doctors testified that, under Florida law, Viovenel was insane at the time of the crimes in that he did not know right from wrong.* The state vigorously cross-examined the doctors. The trial court found Viovenel guilty on all counts. Viovenel argues that the state failed to meet its burden of proving beyond a reasonable doubt that he was sane at the time of the crime.
In Florida, a person is presumed sane. See Yohn v. State, 476 So.2d 123, 126 (Fla.1985) (citations omitted). Where the defendant introduces evidence sufficient to present a reasonable doubt of sanity, the presumption of sanity vanishes and the burden then shifts to the state to prove the defendant’s sanity beyond a reasonable doubt. Id.
*932 In this case Viovenel raised a reasonable doubt as to his sanity. The state offered evidence in the form of lay testimony to prove Viovenel was sane and the state effectively impeached the testimony of Viovenel’s experts. The trial judge, sitting as the trier of fact, resolved the conflict in the evidence in favor of Viovenel’s sanity. The trial judge was permitted to reject the expert testimony and to give more weight to the lay testimony. See Byrd v. State, 297 So.2d 22, 24 (Fla.1974); Davis v. State, 319 So.2d 611, 612 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla.1976); Williams v. State, 275 So.2d 284, 285 (Fla. 3d DCA 1973). We may not invade the province of the trier of fact and reweigh the evidence. Byrd, 297 So.2d at 25. We affirm.

 Florida adheres to a modified M’Naughten Rule. See Wheeler v. State, 344 So.2d 244 (Fla.1977).