GOSHORN, Judge,
dissenting.
I respectfully dissent. Detective Irwin testified that he first saw Johnson on the north side of the Americana complex parking lot. Johnson and another individual were huddled “as though they were hiding something,” by the trunk of an improperly parked car. After several minutes, Johnson got into the car and drove across to the Americana Plaza shopping center and parked illegally in the fire lane in front of a pub and Pizza Hut. He met with another individual for less than a minute, then got back into his car and left the shopping center, running a stop sign as he did so. Detective Irwin called for the assistance of a uniformed deputy and followed Johnson. Johnson parked his car at the Dunwoody Apartments and got out. As the uniformed officer had not yet arrived, Detective Irwin identified himself to Johnson. He explained that a lot of drugs go through the Americana complex and that it is a fairly high crime area. Detective Irwin also told Johnson that he had run a stop sign. Johnson denied any wrongdoing. He said he had visited with a friend and then went over to the Pizza Hut to see if his pizza was ready.
At that point, a uniformed officer arrived. The officer spoke with Johnson’s girlfriend, who had come out of the apartment. She said that their pizza had been delivered long before Johnson left to go to the Americana complex. She further stated that she knew Johnson had gone there but did not know the reason for the trip. Detective Irwin testified that up until the time he caught Johnson in the lie, Johnson was free to go. In my view, up until this point, Detective Irwin’s contact with Johnson was a consensual encounter.
A consensual encounter will not trigger Fourth Amendment scrutiny. Florida v. Bostick, 501 U.S. 429, 433, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, 397-98 (1991). The police may generally ask individuals questions, ask for identification, and request consent to search, provided the officer does not convey a message that implies that compliance with the request is required. Id. at 437, 111 S.Ct. at 2388. See also Thames v. State, 592 So.2d 733, 735 (Fla. 1st DCA) (a voluntary encounter does not become involuntary merely because a request is made by a uniformed officer), review denied, 599 So.2d 1280 (Fla.1992); Peek v. State, 575 So.2d 1380 (Fla. 5th DCA 1991) (an officer may ask questions of a person in a street encounter which does not violate Fourth Amendment rights).
At the point Detective Irwin caught Johnson in the he, and given all of the preceding *228 circumstances which he had observed, Detective Irwin had a founded suspicion that criminal activity had taken place. This founded suspicion is sufficient to make an investigatory stop to determine if illegal activity had, in fact, occurred. In my view, the trial court’s decision to deny the motion to suppress should be affirmed.