148 So.2d 526 (1963)
Francis Washburn CHILD, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 31937.
Supreme Court of Florida.
January 7, 1963.
Francis Washburn Child, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
O'CONNELL, Justice.
Francis Washburn Child petitioned this Court for writ of habeas corpus, which we issued. Respondent made his return and petitioner has filed a traverse to the return.
On December 29, 1961 a deputy sheriff who was investigating a case of breaking and entering and larceny contacted petitioner and asked him to come to the sheriff's office for questioning. Petitioner did so and on being questioned he admitted having committed the subject crime on December 19, 1961 and surrendered the stolen goods. He was jailed and subsequently was charged with breaking and entering with intent to commit a misdemeanor, petit larceny. Subsequently, through a Public Defender of Broward County, he entered a plea of nolo contendere to a charge of entering without breaking with intent to commit a misdemeanor, petit larceny.
This plea was accepted by the trial court. Petitioner was adjudged guilty and sentenced to fifteen months in the State Prison, where he is now held.
The sum of petitioner's contentions is that (a) he was temporarily insane at the time he committed the crime and thereafter, including the time of entry of the plea of nolo contendere; (b) the trial court was on notice of his unstable mental condition but did not inquire into it as provided in Sec. 917.01, F.S.A.; and (c) the Public Defender who purportedly represented petitioner did not confer with him either before *527 or during the court proceedings as to his legal rights, his mental condition, or the plea which was entered for him, and did not advise the court of his "unstable" mental condition, although petitioner wrote him a letter asking that he do so.
Petitioner takes the position that this Court ought to be required to prove that he was sane during the pertinent period. He alleges that he can prove that he was temporarily insane during such time.
We point out here that while Sec. 917.01, F.S.A. requires the trial court to inquire into the sanity of a defendant when reasonable ground therefor is shown to exist, this does not place on the State the burden of proving the sanity of a defendant. A defendant is presumed sane and in the absence of circumstances which require the court to inquire as to his sanity the burden is on the defendant to show his insanity. In this cause the burden is therefore on the petitioner.
In his return the respondent, in effect, says that he has no knowledge of petitioner's mental condition during the time here involved, has no knowledge of whether the trial court was advised of petitioner's prior mental condition, and has no knowledge of whether the Public Defender conferred with petitioner as alleged or whether he was requested to but did not advise the court of petitioner's unstable mental condition.
The nature of the response makes it impossible for us to resolve the question of whether the petitioner was or was not sane during the time involved, and therefore whether he was capable of aiding in his defense. We cannot determine whether the Public Defender did or did not advise the petitioner of his rights and consult with him as to the nature of his plea. Nor can we determine whether the court had before it, or would have had before it had the Public Defender advised the court of petitioner's condition, as is alleged he was requested to do, reasonable ground to inquire into petitioner's sanity under the provisions of Sec. 917.01, F.S.A.
We think that the only practical and just method of answering these questions, and resolving the doubts created, is to refer this matter to a commissioner.
The commissioner hereinafter appointed should receive evidence and make recommendations to us on the following issues:
a. Whether there is reasonable ground to believe that petitioner was insane at the time of commission of the crime involved and/or at the time of the proceedings had in the trial court.
b. Petitioner's mental condition at the time of the proceedings in the trial court, and immediately prior thereto, as it would affect petitioner's ability to aid in his defense and to understand the effect of the plea entered.
c. Whether the Public Defender did or did not confer with petitioner before or during the trial court proceedings here involved as to his legal rights, his mental condition, or the plea which was entered for him, and whether the Public Defender failed to advise the trial court of petitioner's unstable condition after request by petitioner that he do so.
d. Any and all other pertinent and related questions which may be raised by either party.
For the reasons above expressed this cause is referred to Honorable Lamar Warren, one of the Judges of the Circuit Court, Fifteenth Judicial Circuit, to take such testimony and receive such evidence as he shall deem necessary under this opinion with request that he do so and make his report to this Court with all convenient speed.
It is so ordered.
ROBERTS, C.J., and DREW, THORNAL and CALDWELL, JJ., concur.