O’CONNELL, Justice.
By an original petition for writ of habeas corpus petitioner Child seeks release from the State Prison where he is serving a sentence imposed after a plea of nolo contendere to a charge of entering without breaking with intent to commit a misdemeanor, petit larceny.
We issued th; writ, a return was filed and we entered our opinion and order, 148 So.2d *227 526, appointing Honorable Lamar Warren, Circuit Judge, to act as Commissioner in taking evidence on the issues delineated below.
In compliance therewith Judge Warren has taken testimony, received evidence bearing on the issues and has filed his report of findings and recommendations.
At petitioner’s request the Commissioner appointed counsel to represent petitioner in the proceedings and it appears from the record that petitioner received active and able representation in the proceedings had before the Commissioner.
In the opinion and order appointing Judge Warren as Commissioner we requested- that- he take testimony, receive evidence and make recommendations to the Court on the following issues:
a. Whether there is reasonable ground to believe that petitioner was insane at the time of commission of the crime involved and/or at the time of the proceedings had in the trial court.
b. Petitioner’s mental condition at the time of the proceedings in the trial court, and immediately prior thereto, as it would .affect petitioner’s ability to aid in his defense and to understand the effect of the plea entered.
c. The adequacy of the representation given- petitioner by the Public Defender when measured by the requirement that counsel be furnished to a defendant charged with a non-capital crime when the defendant is not insane, but nevertheless lacks the mental capability to adequately represent himself.
d. Any and all other pertinent and related issues which may be raised by either party.
In his report Judge Warren, after studiously reviewing the evidence on each issue, found that:
1.As to issue a., above set forth, “there is not reasonable ground to believe Child was insane either at the time of commission of the crime or at the proceedings had in the trial court, but was suffering from a severe personality disorder.”
2. As to issue b., the petitioner’s mental condition was adequate and sufficient to enable him to aid in his defense and understand the effect of the plea entered.
3. As to issue c., the representation furnished the petitioner by the public defender was adequate under the circumstances of this case.
Judge Warren then recommended that the petitioner be remanded to the custody of the Respondent.
The record in this cause adequately supports the findings and recommendations made by Judge Warren. It is apparent that the petitioner has for a number - of years Suffered, and still suffers, -from a personality disorder, but there is nothing in the record which indicates that he is, or was at the pertinent times, mentally incompetent or insane.
Petitioner, in this proceeding before the Commissioner,’ freely admitted his guilt, as he did when first apprehended after the commission of the crime for which he is held in custody. .’
We cannot find in the record before us any denial of due process or other basis in law that compels either a new trial or the release of the petitioner. -
We express our commendation to Judge Lamar Warren for the expeditious, thorough and scholarly manner in which he performed his duties as Commissioner in this cause.
The writ is dischax-ged and the petitioner is remanded to custody of the respondent.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and -CALDWELL, JJ., concur.