297 So.2d 22 (1974)
Robert Lee BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 41452.
Supreme Court of Florida.
February 21, 1974.
*23 Thomas G. Freeman, Altamonte, of the Law Offices of Thomas G. Freeman, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant was convicted of rape and sentenced to death. We vacated this sentence, and retained jurisdiction for consideration of the points raised on appeal in Anderson v. State.[1] Subsequently, the Circuit Court, Seminole County, modified appellant's sentence, ordering him to be imprisoned for a term of 150 years. We have carefully considered and analyzed the record, and the briefs and arguments of counsel, and we hereby affirm the conviction.
Appellant has contended, inter alia, that the trial court erred in denying appellant's motions for judgment of acquittal at the end of the State's case in chief, and at the conclusion of all the evidence.
The rule is well settled in Florida that all men are presumed sane, but the presumption vanishes when there is testimony of insanity sufficient to present a reasonable doubt as to the sanity of a defendant, and he is entitled to an acquittal if the State does not overcome the reasonable doubt. Farrell v. State.[2]
Appellant has submitted that the State presented no medical testimony whatsoever, while the defense presented two psychiatrists who testified as to the insanity of appellant at the time of the offense. Such defense of insanity was not rebutted by the State, which presented on rebuttal, no medical testimony as to the sanity of appellant, but rather, only two lay witnesses. One of the lay witnesses was a personal friend of the appellant, and the other was a deputy sheriff who interrogated the appellant. In brief, their testimony tended to rebut the testimony of the appellant when he stated that he heard "voices from the sky" telling him to commit the rape; both rebuttal witnesses stated that the appellant had never told them of these voices.
Appellant has thus contended that his motions for judgment of acquittal should have been granted, since the State failed to bear its burden, and overcome the reasonable doubt as to the sanity of the appellant.
We think appellant's argument goes wide of the mark. We have no argument with the proposition that, in a criminal case, if a defendant can interject sufficient evidence to create a reasonable doubt in the minds of the jurors, or even where such reasonable doubt appears from the prosecutor's case, the sanity of the accused must be proved by the prosecution as any other element of the offense, beyond a reasonable doubt. Obviously, in the instant case, the evidence of insanity that appellant sought to introduce at trial was insufficient to create the requisite reasonable doubt in the mind of the jury.
This Court, in Child v. Wainwright,[3] noted:
"We point out here that while Sec. 917.01, F.S.A. requires the trial court to inquire into the sanity of a defendant when reasonable ground therefor is shown to exist, this does not place on the State the burden of proving the sanity of a defendant. A defendant is presumed sane and in the absence of circumstances which require the court to inquire as to *24 his sanity the burden is on the defendant to show his insanity."[4]
It has long been held that the question of a defendant's mental condition at the time of the offense is a question of fact for the jury. Williams v. State.[5]We here must re-emphasize that a jury does not necessarily have to take expert testimony over non-expert testimony. They may disbelieve the expert and believe the non-expert if this is their inclination, and a defendant is entitled to a charge to this effect if he so desires. Everett v. State.[6] It is settled law in this state that a man is presumed to be sane until a contrary demonstration appears. This principle has been strongly established in the case law of this jurisdiction beginning with Hodge v. State.[7] The jury decided this matter adversely to appellant, and he is now seeking to reargue the matter before this Court. This he will not be permitted to do.
In Ross v. State,[8] the District Court of Appeal, Second District, held:
"It is true from the record that the psychiatrist testified to that effect; however, it is within the province of the jury or the trier of fact to determine the defendant's sanity at the time of the crime, based on proper expert testimony... . Since the jury found defendant guilty on both counts, they obviously did not believe the defendant to be incapable of knowing right from wrong."[9]
In the instant case, the trial judge explained his ruling, as follows:
"The final ground argued by the Defendant to support his motion for new trial is his complaint that the Court should have granted a Judgment of acquittal at the conclusion of the State's case or at the conclusion of all the evidence, in that the psychiatrists' testimony established as a matter of law that the defendant was insane at the time of the commission of the offense. The evidence simply will not permit this Court to make that finding. Three psychiatrists were called to testify by the defendant. The first psychiatrist, Dr. Dunn, when asked whether he would be able to formulate an opinion as to whether or not the defendant was insane at the time of the offense stated he was unable to reach any opinion on that question. The testimony demonstrated that Dr. Dunn was the psychiatrist that had spent more time with the defendant than any of the other Doctors. The other two psychiatrists testified that in their opinion the defendant was insane at the time the offense occurred and reached this conclusion as a result of less than an hour's worth of contact with the defendant.
"Also, the evidence revealed a large discrepancy in the testimony between what the defendant told Dr. Dunn and what defendant had told the other two psychiatrists. This discrepancy when brought out in rebuttal indicated that Dr. Dunn might have reached a totally different conclusion than the other psychiatrists if he had the advantage of the statements that were made to the other psychiatrists. Finally, a careful review of the cross-examination of the psychiatrists would demonstrate that the State placed in front of the jury some very serious questions concerning the ability of those particular psychiatrists and the validity of psychiatric examinations under those circumstances. Their main thrust being that the examination is based mainly upon the subjective statements of the defendant who obviously has a great interest in the conclusion that the psychiatrists reached. The jury was instructed *25 that they had a right to consider expert testimony the same as other witnesses and, therefor, (sic) they could accept or reject it, in whole or in part, as they deemed it credible. In order to reach the conclusion that the defendant wished this Court to reach, the Judge would have to put himself in the position of a juror and say that they failed to weigh the testimony properly. The Court does not feel it should do that in this case."
It is agreed that an appellate court should not uphold a judgment or verdict based on evidence inherently improbable. But, testimony which, in this case, merely discloses unusual circumstances simply does not come within that category. Conflicts, and even testimony which is subject to justifiable suspicion, do not justify the reversal of a conviction. This is so because it is the exclusive province of the jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.
It has long been the law of this jurisdiction that if reasonable men may differ as to the existence of facts tending reasonably to prove an ultimate fact, or inferences to be drawn from admitted facts, the case should be submitted to the jury. And, certainly a party moving for a directed verdict admits facts in evidence adduced and every conclusion favorable to his opponent which is fairly and reasonably inferable therefrom. Victor v. State.[10]
The appellant having demonstrated no reversible error in either the denial of his motions for judgment of acquittal, or any of the other points on appeal he has raised, his conviction for rape and modified sentence of imprisonment for a term of 150 years are hereby affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD and DEKLE, JJ., concur.
ERVIN and McCAIN, JJ., dissent.
NOTES
[1] 267 So.2d 8 (Fla. 1972).
[2] 101 So.2d 130 (Fla. 1958). See also Cook v. State, 271 So.2d 232 (Fla.App.2d 1973); Putnam v. State, 227 So.2d 60 (Fla.App.2d 1969); Brady v. State, 190 So.2d 607 (Fla. App.3d 1966); Byrd v. State, 178 So.2d 886 (Fla.App.2d 1965).
[3] 148 So.2d 526 (Fla. 1963).
[4] Id. at 527.
[5] 45 Fla. 128, 34 So. 279 (1903).
[6] 97 So.2d 241 (Fla. 1957).
[7] 26 Fla. 11, 7 So. 593 (1890).
[8] 254 So.2d 40 (Fla.App.2d 1971).
[9] Id. at 41.
[10] 141 Fla. 508, 193 So. 762 (1940).