DOWNEY, Judge
(dissenting).
I concur in the majority opinion finding that the record now establishes that appellant was competent to stand trial, and with the determination that the sentences imposed were unlawful under Lietch v. State, Fla.App. 1971, 248 So.2d 203.
However, I am compelled to dissent from the finding that all of the remaining appellant’s points are without merit. Appellant’s second point on appeal is directed to the trial court’s error in failing to direct a verdict of acquittal at the close of the evidence. My review of the record convinces me that this second point requires a reversal.
*904 Appellant was charged with one count of aggravated assault and two counts of assault with intent to commit a felony, to- • wit, first degree murder. He was tried by the court without a jury and convicted of aggravated assault (a lesser included offense under Count II) and of assault with intent to commit a felony (as charged in Count III). Thereupon, appellant was sentenced to five years and fifteen years, consecutively.
Appellant pleaded not guilty by reason of insanity. The court appointed psychiatrists examined him within three weeks aft-ter the date of the crime and found him incompetent to stand trial. Appellant thereafter spent approximately four months in the Florida State Hospital receiving treatment, after which he was returned for trial.
During the trial appellant adduced the testimony of two board certified psychiatrists who had examined appellant in 1970, several years before the crime in question, and again in January 1973, about ten days after the commission of the crime here under consideration. They testified that in each instance' they found appellant insane, and that in their opinion he did not know right from wrong on the date of the crime. At this point a reasonable doubt as to appellant’s sanity was created dissipating the usual presumption of sanity and the burden then passed to the state to prove appellant’s sanity as any other element of the crime, beyond a reasonable doubt. Farrell v. State, Fla.1958, 101 So. 2d 130.
In order to show that it met its burden at trial, the state relies upon the testimony of several police officers who testified appellant had a gun in one hand and a coat in the other; that upon being challenged by the police he put the coat over the gun; that appellant “looked like he might have been angry,” and “he looked determined.” Of course, the state also relies upon the effect of its cross examination of the psychi-. atrists. The prosecutor was successful in eliciting the usual compromising information from each of the doctors. For example, they admitted the appellant as a result of medication “could have” been in remission at the time of the crime and thus could have been aware of the difference between right and wrong. But, as pointed out in Hixon v. State, Fla.App.1964, 165 So.2d 436, 440, neither of the doctors receded from his positively expressed opinion that appellant at the time of the crime did not know right from wrong.
In my judgment the evidence adduced to prove appellant was sane beyond a reasonable doubt fell woefully short of the mark. Accordingly, the case is controlled by Farrell v. State, supra, and Mitchell v. State, Fla.App.1958, 104 So.2d 84.
The majority may well rely upon Byrd v. State, Supreme Court, 297 So.2d 22, opinion filed February 21, 1974, and I concede that it is persuasive. However, it appears to me that the lay testimony in Byrd which created the jury question was much stronger than this record reflects. Nor can I persuade myself by the “boot strapping” argument that the evidence must have been sufficient to create a reasonable doubt because the trier of fact inferentially found appellant sane. To accept the jury’s determination of the issue as proof of the adequacy of the evidence to go to the jury in the first instance would certainly eliminate a substantial number of appeals based upon the inadequacy of the evidence; however, such an argument begs the question.
Accordingly, I would reverse the judgment and sentence and remand for a new trial.