PER CURIAM.
Cozart appeals his conviction and sentence for kidnapping with intent to commit sexual battery, sexual battery and aggravated assault. He contends the evidence presented at trial raised a reasonable doubt as to his sanity at the time of the offense which the state failed to rebut, and therefore he was entitled to a judgment of acquittal by reason of insanity. We affirm.
There was testimony from lay witnesses at the trial which supported Cozart’s sanity. The victim of the sexual battery testified that Cozart acted like a “normal everyday person.” She also related that Cozart offered her a ring and bracelet for sex and when she refused, Cozart told her, “Well, you know, I can make you do it .... ” Though her testimony was somewhat contradictory, the other victim did testify that she thought Cozart “knew what he was doing.” Further, the opinions of the psychiatrists, who testified that Cozart was legally insane under the M’Naghten test, were cast in doubt by their cross-examination testimony. For instance, several of the psychiatrists who opined that Cozart was insane testified on cross that he knew what he was doing. One of the psychiatrists additionally testified that Cozart knew his conduct violated the law, knew it was legally wrong and that he would be arrested for it, and knew that he was forcing himself on the girls. There was also testimony that Cozart knew it was wrong to have a gun.
In sum, we conclude that the matter was properly submitted to the jury and cite Byrd v. State, 297 So.2d 22 (Fla.1974), McClain v. State, 327 So.2d 106 (Fla. 1st DCA 1976). Accordingly, Cozart’s judgment and sentence is affirmed.
BOOTH, LARRY G. SMITH and THOMPSON, JJ., concur.