403 So.2d 1090 (1981)
Ronald SANDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-811.
District Court of Appeal of Florida, Third District.
September 15, 1981.
*1091 Bennett H. Brummer, Public Defender and Charlene Carres, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
Ronald Sands appeals from a final judgment of conviction and sentence entered in the trial court, finding him guilty of two count of attempted manslaughter with a firearm and one count of the unlawful possession of a firearm while engaged in a criminal offense.
On appeal, Sands contends he was entitled to a directed verdict because of expert testimony which supported his plea of insanity, notwithstanding lay testimony that he acted in a normal manner at the time of the commission of the crime charged. We disagree.
It was within the province of a jury to disregard the expert testimony[1] and to rely solely on the testimony of the lay witnesses. Therefore, the trial court was correct in rejecting the motion for directed verdict. Byrd v. State, 297 So.2d 22 (Fla. 1974); Davis v. State, 319 So.2d 611 (Fla. 3d DCA 1975); McClain v. State, 327 So.2d 106 (Fla. 1st DCA 1976); Cozart v. State, 399 So.2d 1097 (Fla. 1st DCA 1981). The State concedes error, at least in the sentencing on the unlawful possession of a firearm count while engaged in a criminal offense. We agree. See: State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Therefore, for the reasons above stated, the convictions on the two counts of attempted manslaughter with a firearm are affirmed. The adjudication on the possession of a firearm while engaged in a criminal offense is affirmed,[2] but the sentence thereon is hereby vacated and set aside. The sentences on the two counts of attempted manslaughter appear to be in violation of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) and are therefore vacated and the matter is returned to the trial court for resentencing, in accordance with the pronouncements in Villery.
Affirmed in part, reversed in part, and remanded to the trial court with directions.
NOTES
[1] There were three experts who testified; two were in agreement that the defendant was suffering from pathological alcohol intoxication and the third was of the opinion that the defendant was suffering from schizoid and psychotic tendencies. Therefore, even the experts were not in agreement as to what was the nature of the alleged illness.
[2] No double jeopardy claim was made in the trial court. See: Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981).