543 So.2d 286 (1989)
Belinda Joy KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-107.
District Court of Appeal of Florida, First District.
April 21, 1989.
*287 John F. Daniel, of Daniel, Komarek & Martinec, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. Pooser, IV, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of her conviction of manslaughter with a firearm and possession of a firearm while in the commission of a felony. She contends that the verdict was inconsistent with law and the weight of the evidence based on asserted lack of evidence to refute her prima facie case of self defense, and that the court erred (1) in permitting testimony of the victim's statements to third parties regarding his extramarital relationships, (2) in failing to give appellant's requested jury instruction on circumstantial evidence, and (3) in convicting appellant for the separate offense of possession of a firearm while in the commission of a felony. We conclude that the trial court erred in admitting testimony of the victim's statements to third parties regarding his extramarital relationships, and find it necessary to reverse the conviction and remand for a new trial.
Appellant was charged by indictment with one count of second degree murder in violation of section 782.04, Florida Statutes, and one count of possession of a firearm in violation of section 790.07, Florida Statutes. The charges stemmed from a June 1, 1987 incident in which appellant was alleged to have shot and killed her husband, James Lamar Kelley, following an argument. Prior to trial, appellant filed a motion in limine to exclude any evidence of the victim's statements to third parties concerning an impending divorce, affairs, or separation between him and appellant, alleging that appellant had no prior knowledge of these statements and they were not probative of any material issue. The trial court denied the motion, and appellant entered a standing objection to the admission of these statements at trial.
At trial the state called three witnesses to testify to the victim's out-of-court statements reflecting his state of mind. As alleged in the motion in limine, there was no evidence that disclosure of these statements had ever been made to appellant prior to the events on the night of the crime. Following defense motions for judgment of acquittal at the close of the state's case and on conclusion of the trial, and the court's denial of those motions, the jury returned a verdict of guilty of manslaughter with a firearm and possession of a firearm in the commission of a felony. Sentencing was deferred until disposition of the case on appeal.
We recognize that "where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence," McArthur v. State, 351 So.2d 972, 976 (Fla. 1977). But we find sufficient evidence in the record to permit a conclusion contrary to appellant's posited hypothesis of innocence in this case. Appellant initially established a prima facie defense of self defense through her testimony that she fired the gun after the victim stated, "I'll kill you." However, physical evidence and expert testimony elicited by the state showed that one of the bullets fired by appellant entered the bathroom wall at only a very slight angle, and blood splatters found on the wall were circular rather than elongated, indicating that the bullet entered the wall nearly head-on rather than ricocheting off another surface. This evidence was inconsistent with the defense theory that appellant shot the victim some distance from the bathroom as she sat on a bed, while the victim approached her in a threatening manner. The state also presented evidence indicating that the three shots were fired in a deliberate rather than fearful manner, by establishing evidence that the murder weapon was a powerful firearm with a strong recoil, requiring significant effort to shoot, and that the third shot fired *288 from that weapon entered the victim's back. In these circumstances we conclude that the trial court properly denied appellant's motion for a directed verdict, and that the verdict may be regarded as consistent with the weight of the evidence.
As to appellant's next evidentiary issue, the state of mind exception codified in section 90.803(3)(a), Florida Statutes, admits qualifying extrajudicial statements only if the declarant's state of mind is at issue. Bailey v. State, 419 So.2d 721 (Fla. 1st DCA 1982). A homicide victim's state of mind prior to the fatal event generally is neither at issue nor probative of any material issue raised in a murder prosecution. Fleming v. State, 457 So.2d 499 (Fla. 2d DCA 1984). The victim's purported statements to a third party have been deemed admissible only in those instances when the need for the statements appears to overcome the possible prejudice: 1) the defendant claims self defense under circumstances which can be rebutted by the victim's statements that he feared the defendant; 2) the defendant claims the victim committed suicide; or 3) the defendant claims the victim's death was accidental. Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988). In this case, statements made by the victim to his coworkers and friends indicated only that he was engaged in an extramarital affair and hoped to divorce his wife. There was no evidence that he feared his wife in any way, or that she knew of his plans. In any event evidence is not ordinarily admitted under the state of mind exception to prove the state of mind or motive of someone other than the declarant. United States v. Brown, 490 F.2d 758 (D.C. Cir.1973); Hunt v. State, 429 So.2d 811 (Fla. 2d DCA 1983). Because the state in this case improperly attempted to establish a motive for the murder through the out-of-court statements, admission of the hearsay statements was error. We are unable in this case to conclude that admission of such evidence did not affect the verdict. In fact the record indicates that the inadmissible evidence was a material feature of the prosecution's argument and theory of the case. We therefore find that the error requires reversal of the conviction. State v. Lee, 531 So.2d 133 (Fla. 1988). We treat the remaining points because of the potential for recurrence in a new trial.
As to rejection of appellant's requested instruction, the trial court gave instructions on burden of proof and reasonable doubt, thereby negating need for instruction on circumstantial evidence. See In the matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). Beatty v. State, 500 So.2d 173 (Fla. 1st DCA 1986).
On appellant's last point, supra, we note that under section 775.087, Florida Statutes (1987), appellant's conviction of manslaughter with a firearm would be enhanced from a second degree felony to a first degree felony. Upon enhancement, the charge of possession of a firearm during the commission of a felony would become a lesser included offense. Under these circumstances, a conviction of possession of a firearm during commission of a felony in addition to manslaughter with a firearm would be precluded. See McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988); Bradshaw v. State, 528 So.2d 473 (Fla. 1st DCA 1988).
The judgment is reversed and the cause remanded for new trial.
ERVIN and ZEHMER, JJ., concur.