588 So.2d 595 (1991)
STATE of Florida, Appellant,
v.
Belinda Joy KELLEY, Appellee.
No. 90-259.
District Court of Appeal of Florida, First District.
August 8, 1991.
On Application for Rehearing November 1, 1991.
*597 Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., for appellant.
John F. Daniel, of Daniel & Komarek, Chartered, Panama City, for appellee.
On Appellee's Application for Rehearing November 1, 1991.

ON REHEARING
ERVIN, Judge.
Upon considering appellant's motion for rehearing, we withdraw our previously released decision and subtitute the following therefor.
The state appeals a final order granting appellee's motion for judgment of acquittal after the jury verdict, arguing that the prosecution presented sufficient circumstantial evidence in appellee's manslaughter trial to rebut her hypothesis of innocence, i.e., self-defense. We agree and therefore reverse and remand with directions to reinstate the jury verdict of guilty of manslaughter and sentence appellee in accordance therewith.
Before discussing the merits of the appeal, some discussion is required concerning appellee's contention that appellant had no right to appeal the order granting appellee's motion for judgment of acquittal after the jury verdict. Prior to July 1, 1987, the state did not have the right to appeal such orders. State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976). Effective July 1, 1987, Section 924.07, Florida Statutes, was amended to provide the state with the right to appeal from orders granting judgment of acquittal after a jury verdict. Because the date of the criminal offense in this case was June 1, 1987, the question then arises as to whether the amended statute may be applied so as to grant the state the right to appeal here.
A general rule of statutory construction is that, in the absence of a clear legislative intent to the contrary, a law is presumed to act prospectively. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 241 (Fla. 1977). Because the legislature made no clear statement concerning retroactive or prospective application of this statute, see Section 924.07, Florida Statutes (1987), and Chapter 87-243, Sections 46 and 76, Laws of Florida, resort must be made to the rules of statutory construction.
Two exceptions to the general rule against retroactive application exist. The first relates to procedural statutes, which unlike substantive statutes, may be applied retroactively, because no one has a vested interest in any given mode of procedure. Id. at 243. The second relates to remedial statutes. Because such statutes "do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, [they] do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes." City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961).
A statute conferring a right to appeal upon a litigant relates to a substantive, rather than a procedural right. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286, 289 (Fla. 3d DCA 1980) (Hubbart, J., concurring); Durand v. New Mexico Comm'n on Alcoholism, 89 N.M. 434, 435, 553 P.2d 714, 715 (Ct.App. 1976). See also State v. Furen, 118 So.2d 6 (Fla. 1960) (substantive rights were created under statute authorizing a right to appeal orders of real estate commission to circuit court). Although a statute creating a substantive right would ordinarily be deemed to operate prospectively, if such statute is considered remedial, it may be given retrospective application. See Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663, 664-65 (Fla. 1st DCA 1983). And, as applied specifically to appeals, in the absence of a constitutional provision conferring such right, the legislature may validly repeal such right in that there is no vested right to an appeal. Id.
Because a statute establishing the right to appeal from a particular type of order is one that confers a means to enforce a right or redress an injury, it is apparent that the statutory amendment *598 granting the state the right to appeal from orders granting motions for judgment of acquittal after jury verdicts is remedial, and may, under the circumstances, be applied retroactively. Consequently, we conclude that the state does in fact have the right to appeal the judgment of acquittal entered in the instant case.[1]
Turning to the merits of this appeal, this is a circumstantial evidence case. The evidence presented by the parties is generally the same as that presented at appellee's first trial, which is set forth in Kelley v. State, 543 So.2d 286 (Fla. 1st DCA 1989). The only additional evidence presented was that of defense experts Gerald Doolittle and Terry Lavoy. Doolittle, a professor of psychology and statistics, testified regarding a test he conducted using thirty-two women to determine the amount of time it would take a woman in the same age range as appellee to fire three rounds from the gun in question. He related that when trying to fire the gun quickly, the slowest firing time was 7.5 seconds; the fastest was .85 seconds; and the average time was 1.91 seconds. When attempting to shoot with accuracy, the median firing time was 4.7 seconds.
Terry Lavoy was qualified as an expert in firearm identification, ballistics, and crime scene investigation. He testified that in his opinion appellee probably shot the victim from her position on the bed as she contended. He identified a lead smear on the vanity door in the bathroom and opined that one bullet could have struck the victim in the buttock, passed out through the thigh, hit the vanity door, ricocheted off the door and struck a knob, which it broke, and then ricocheted off the knob and entered the bathroom wall. He performed calculations showing that each of the three shots fired could have been fired from the bed, just as appellee contended. He also opined that the evidence was consistent with one shot having struck the victim's arm, causing the victim to turn, which in turn would cause the second shot to enter the victim's buttock. It was his opinion that the victim was standing approximately two feet from the bed when he was shot. He found nothing in the two circular blood stains in the bathroom that suggested a pattern of any sort. He stated that the blood splatters on the bedroom carpet were not inconsistent with a theory that the first shot hit the victim's arm.
It has long been held that when the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence presented is inconsistent with the defendant's hypothesis of innocence. McArthur v. State, 351 So.2d 972, 976 n. 12 (Fla. 1977); Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). The state is not required, however, to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden has been met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. State v. Law, 559 So.2d 187, 189 (Fla. 1989).
In the instant case, the additional evidence submitted on remand by appellee certainly supports her theory of self-defense, i.e., that she shot the victim in the bedroom while he approached her in a threatening manner as she sat on the bed. However, it does not have the effect of negating the state's evidence inconsistent with that theory  evidence including the location of the bullet hole in the bathroom wall, the circular blood splatters, and the use of a powerful firearm with a strong recoil, which supported the state's contention that the three shots were fired in a deliberate rather than fearful manner. See Kelley, 543 So.2d at 287-88. Cf. Holton v. *599 State, 87 Fla. 65, 99 So. 244 (1924) (state's circumstantial evidence did not refute defendant's story in detail). The fact that appellee presented evidence tending to conflict with the state's damaging evidence does not warrant a judgment of acquittal. Davis v. State, 425 So.2d 654 (Fla. 5th DCA 1983); Sands v. State, 403 So.2d 1090 (Fla. 3d DCA 1981).
To summarize: the state met its threshold burden of producing evidence inconsistent with appellee's theory of innocence, and the jury considered all the evidence and concluded beyond a reasonable doubt that appellee committed manslaughter. Because there is legally sufficient evidence in the record to support the jury's verdict, the trial court's order granting judgment of acquittal must be reversed. Cf. Law (quashing district court's ruling regarding defendant's motion for judgment of acquittal and remanding for reinstatement of jury verdict).
REVERSED and REMANDED with instructions that the trial court reinstate the jury's verdict, and enter judgment and sentence accordingly.
NIMMONS, J., specially concurs.
ZEHMER, J., dissents without written opinion.
NIMMONS, Judge, specially concurring,
I concur in Judge Ervin's opinion with respect to the circumstantial evidence issue. As for the opinion's treatment of the issue regarding the state's right to appeal, I concur in the result only.

ON APPELLEE'S APPLICATION FOR REHEARING
ERVIN, Judge.
We initially dismissed this case on the ground that the state did not have the right to appeal the order granting judgment of acquittal (JOA) post-verdict. On appellant's motion for rehearing, we determined that the state did have the right to appeal the order, which was based on the legal insufficiency of the evidence, and that the evidence presented at appellee's second trial was legally sufficient to be submitted to the jury. We therefore reversed the trial court's order granting JOA post-verdict and remanded with directions to reinstate the jury's verdict and proceed with sentencing.
Appellee has now filed motions to supplement and for rehearing, rehearing en banc, and certification in connection with that decision.[1] We grant the motion to supplement, remand the case with directions that the lower court rule on appellee's pending motion for new trial, and deny the remaining motions. In her motion for rehearing, appellee first argues that our directions to the lower court to reinstate the verdict and proceed with sentencing in accordance therewith deprived her of the right to have the trial court decide her pending motion for new trial, which was premised in part upon the allegation that the verdict was contrary to the weight of the evidence.[2] It appears that at the hearing on appellee's motion for new trial, the court considered her previously filed motion for JOA, which the court had taken under advisement. Once the court granted the motion for *600 JOA, no ruling was secured on the motion for new trial.
Although the rule is clear that it is the movant's burden to secure rulings on his or her motions, and that failure to obtain a ruling on a motion effectively waives that motion, Flanagan v. State, 586 So.2d 1085, 1092 (Fla. 1st DCA 1991). Leretilley v. Harris, 354 So.2d 1213, 1214 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978), we question the applicability of this rule to a case in which a trial court grants a motion for JOA and thus may reasonably assume that there is no need to address a motion for new trial directed to the weight of the evidence, because the JOA acts, obviously, as an acquittal of the defendant. We note, moreover, that Florida Rule of Criminal Procedure 3.590(a) permits a motion for new trial to "be made within ten days after the rendition of the verdict or the finding of the court." The lower court's order of JOA had the effect of vacating the verdict finding appellant guilty. When we issued our opinion of August 8, 1991, reversing the trial court's JOA and remanding the case for reinstatement of the jury's verdict of guilt and disposition thereon, the verdict, which had previously been vacated, was thereby revived and disposition was required on the unresolved pending motion.[3]
We therefore agree that our opinion of August 8, 1991 requires modification; as a consequence we reverse the JOA and remand the case with directions that the trial court reinstate the jury's verdict, rule on the pending motion for new trial, and make disposition accordingly.
Appellee makes a second argument on rehearing, contending we misapprehended the facts by assuming that because the state's evidence at her first trial was sufficient, the evidence presented at the second trial was sufficient. Appellee argues that the state's witnesses at the second trial exhibited far less expertise in their testimony than during the first trial. We answer first that this court only considered the evidence produced at the second trial when it rendered its decision that the evidence was legally sufficient for submission to the jury. Second, appellee's argument is one regarding credibility. We cannot reweigh the evidence. Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). It was the jury's duty to determine credibility, and because there is evidence to support the jury's verdict, it is sustained.
Appellee's motion to supplement is GRANTED; the motion for rehearing is GRANTED insofar as it pertains to appellant's right to have the trial court consider her pending motion for new trial; her remaining motions are DENIED.
ZEHMER, J., concurs.
WENTWORTH, Senior Judge, concurs, participating upon assignment, in substitution for NIMMONS, J.
NOTES
[1] In so saying, we find no merit in the ex post facto argument raised. Section 924.07 neither creates a new crime nor increases the punishment therefor. Furthermore, because of our resolution of the issue, we decline to address the question of what the operable date is for the purpose of taking an appeal.
[1] We consider these motions pursuant to Florida Rule of Appellate Procedure 9.330 and Foster v. Thornton, 119 Fla. 49, 160 So. 490 (1934). The motion to supplement seeks leave to supplement the record on appeal with appellee's motion for new trial, which was not previously transmitted to this court with the record. The motions for rehearing en banc and certification request this court to consider and certify the following question:

When a criminal defendant has moved for both a post-verdict judgment of acquittal and for a new trial, and acquittal is granted but reversed on appeal, should the verdict be reinstated and sentencing be proceeded to immediately or should the defendant be afforded the opportunity to seek a new trial on the basis of the weight of the evidence, when such pending motion was never resolved by either the trial or appellate court?
[2] The burden placed on a defendant to establish the legal insufficiency of the evidence is of course far more stringent than that required to show that the verdict returned is contrary to the weight of the evidence. See the definition of the two terms set out in Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
[3] In so concluding, we note that unlike the federal sector, Florida lacks an established procedure for dealing with alternative motions for judgment of acquittal and new trial. See United States v. Steed, 674 F.2d 284, 289 (4th Cir.), cert. denied, 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 68 (1982); Fed.R.Civ.P. 50.