Mr. James T. Moore, Executive Director Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Moore:
You ask substantially the following question:
Does Chapter 94-127, Laws of Florida, effective October 1, 1994, which amends section 943.0585(4)(c), Florida Statutes, by directing the Florida Department of Law Enforcement to disclose the existence of a criminal history record ordered expunged to the entities prescribed therein, apply to all criminal history records ordered expunged or only to those criminal history records ordered expunged on or after October 1, 1994?
In sum:
The amendment to section 943.0585(4)(c), Florida Statutes, by Chapter 94-127, Laws of Florida, applies to all criminal history records ordered expunged and not to only those criminal history records ordered expunged on or after October 1, 1994.
Section 943.0585(4), Florida Statutes, provides that a criminal history record ordered expunged that is retained by the Florida Department of Law Enforcement (FDLE) is not available to any person or entity except upon order of a court of competent jurisdiction. Paragraph (4)(a) of the statute provides that:
The person who is the subject of a criminal history record that is expunged under this section or under other provisions of law, including former s. 893.14, former s. 901.33, and former s. 943.058, may lawfully deny or fail to acknowledge the events covered by the expunged record, except when the subject of the record:
1. Is a candidate for employment with a criminal justice agency; 2. Is a defendant in a criminal prosecution; 3. Concurrently or subsequently petitions for relief under this section or s.943.059; 4. Is a candidate for admission to The Florida Bar; 5. Is seeking to be employed or licensed by or to contract with the Department of Health and Rehabilitative Services or to be employed or used by such contractor or licensee in a sensitive position having direct contact with children, the developmentally disabled, the aged, or the elderly as provided in s. 39.076, s. 110.1127(3), s. 393.063(3),[1] s. 394.455(20), s. 397.451, s. 402.302(8), s.402.313(3), s. 409.175(2)(h), s. 415.102(4), s. 415.103, or chapter 400; or 6. Is seeking to be employed or licensed by the Office of Teacher Education, Certification, Staff Development, and Professional Practices of the Department of Education, any district school board, or any local governmental entity that licenses child care facilities.
Section 943.0585(4)(c), Florida Statutes, provides that it is unlawful for any employee of an entity set forth in subparagraphs (a)1., (a)4., (a)5., or (a)6. to disclose information relating to the existence of an expunged criminal history record of a person seeking employment or licensure with such entity or contractor, except to the person to whom the criminal history record relates or to persons having direct responsibility for employment or licensure decisions.[2]
The 1994 Legislature amended s. 943.0585(4), Florida Statutes, in Chapter 94-127, Laws of Florida, effective October 1, 1994.[3] The following language is added to section 943.0585(4)(c):
Information relating to the existence of an expunged criminal history record which is provided in accordance with paragraph (a) is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution, except that the department shall disclose the existence of a criminal history record ordered expunged to the entities set forth in subparagraphs (a)1., (a)4., (a)5., and (a)6, for their respective licensing and employment purposes.[4]
You ask, and this opinion addresses only, whether the above amendment applies to records ordered expunged prior to the effective date of the amendment, October 1, 1994.
Statutes generally operate prospectively in the absence of a clear legislative expression to the contrary.[5] If, however, a statute is remedial or procedural in nature, it may be retroactively applied in order to serve its intended purpose.[6] As the Supreme Court of Florida in City of Orlando v. Desjardins[7] stated:
While the procedural/substantive analysis often sheds light on the propriety of retroactively applying a statute, Young v. Altenhaus,472 So.2d 1152 (Fla. 1985); State v. Lavazzoli, 434 So.2d 321
(Fla. 1983), the dichotomy does not in every case answer the question. Florida's courts have embraced a third alternative. If a statute is found to be remedial in nature, it can and should be retroactively applied in order to serve its intended purpose. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); Grammer v. Roman, 174 So.2d 443 (Fla. 2d DCA 1965).
Thus, the Desjardins court held that a Public Records exemption establishing a limited work product exemption should be retroactively applied.[8]
An examination of the legislative history surrounding the enactment of Ch. 94-127, Laws of Florida, indicates that the act, among other things, makes "FDLE responsible for notifying employing/licensing agencies of the existence of an expunged criminal history record."[9] (e.s.) Prior to such amendment, the subject of the expunged criminal history record was responsible for disclosing the existence of the record under the circumstances set forth in section 943.0585(4)(a) and "the employing or licensing agency . . . has no means to verify the existence of an expunged record should the subject of the record fail to disclose its existence."[10] The effect of the amendment is "to require that disclosure of the existence of such records, for certain licensing or employment purposes, come from FDLE rather than the subject of the record."[11]
Thus, the amendment to section 943.0585(4)(c), Florida Statutes, by Chapter 94-127, Laws of Florida, would appear to be remedial or procedural in nature.[12] The amendment, therefore, may be retroactively applied to those records order expunged prior to the effective date of Chapter 94-127, Laws of Florida.
Accordingly, I am of the opinion that section 943.0585(4)(c), Florida Statutes, as amended by Chapter 94-127, Laws of Florida, will be applicable to all criminal history records ordered expunged and not to only those criminal history records ordered expunged on or after October 1, 1994.
Sincerely
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 19, Ch. 94-154, Laws of Florida, effective October 1, 1994, amends the reference to s. 393.063(3) to s. 393.063(14).
[2] Section 943.0585(4)(c), Florida Statutes, further provides that any person who violates this paragraph commits a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083, Florida Statutes.
[3] See, s. 5, ch. 94-127, Laws of Florida, providing that the act shall take effect October 1, 1994.
[4] Section 1 of Chapter 94-127, Laws of Florida, also amends section 943.0585(4) to provide that a criminal history record ordered expunged that is retained by FDLE is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I, of the State Constitution. Prior to such amendment the statute stated that such records were not available to any person or entity except upon orders of a court of competent jurisdiction.
[5] See, e.g., Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985); State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984).
[6] See, Snellgrove v. Fogazzi, 616 So.2d 527, 528 (Fla. 4th DCA 1993) (statutes that are remedial or procedural may be applied retroactively, even if there is no expressed legislative intent that statutes so apply); St. John's Village I, Ltd. v Department of State, Division of Corporations, 497 So.2d 990 (Fla. 5th DCA 1986) (Remedial statutes are excepted from general rule that statutes are to be applied prospectively).
[7] 493 So.2d 1027, 1028 (Fla. 1986).
[8] And see, State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991) (procedural statutes may be applied retroactively as no one has a vested interest in any given mode of procedure; remedial statutes that operate in furtherance of existing remedy or confirmation of rights rather than creating new or taking away vested rights may also be applied retroactively).
[9] House of Representatives Committee on Governmental Operations Final Bill Analysis and Economic Impact Statement on HB 293 (passed as part of SB 120, which was enacted as Ch. 94- 127, Laws of Florida), April 13, 1994. The staff analysis states that prior to the statute's amendment, a criminal history record ordered expunged that was retained by FDLE was unavailable except by court order; the act, however, amends section 943.0585(c) "to reflect that FDLE will be responsible for notifying the employing and/or licensing entities referenced in s. 943.0585(4)(a), F.S. of the existence of an expunged . . . criminal history record."
[10] Id.
[11] Id.
[12] And see, State v. Greenberg, 564 So.2d 1176, 1177 (Fla. 3d DCA 1990) (expungement statute as a whole is a remedial statute providing remedies that are civil in nature and statute may be retroactively applied); Capuano v. State, 347 So.2d 629 (Fla. 4th DCA 1977) (expungement statute is retroactive and may be applied to record of arrest occurring prior to effective date of statute).