723 So.2d 355 (1998)
Marcia CROCKHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3636.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
Rehearing Denied January 29, 1999.
Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lara J. Edelstein, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Marcia Crockham, appeals her judgment of conviction and thirteen-year prison sentence following a non-jury trial on *356 the charges of manslaughter by culpable negligence and vehicular homicide. Appellant, having raised the insanity defense, contends the trial court reversibly erred in denying her motion for judgment of acquittal because the State failed to present evidence sufficient to overcome the reasonable doubt as to her sanity. Appellant further argues that the court reversibly erred in permitting lay witness opinion testimony concerning her mental condition. Finding no error in either issue raised, we affirm appellant's conviction and sentence and write to address only the first issue.
In Florida, one is presumed sane and, in a criminal prosecution, the burden is on the accused to present evidence of insanity. Preston v. State, 444 So.2d 939 (Fla. 1984), vacated on other grounds, 564 So.2d 120 (Fla.1990). Once the accused introduces evidence sufficient to present a reasonable doubt of sanity, the presumption of sanity vanishes and the accused's sanity must be proven beyond a reasonable doubt by the state. Yohn v. State, 476 So.2d 123 (Fla. 1985); Walker v. State, 479 So.2d 274 (Fla. 2d DCA 1985). If the state does not overcome the reasonable doubt, the accused is entitled to acquittal. Sirianni v. State, 411 So.2d 198 (Fla. 5th DCA 1981).
In this case, it cannot be disputed that appellant presented evidence at trial that established that she had a long history of mental illness caused by bipolar disorder. The issue, however, is whether she "was, by reason of said mental infirmity, disease, or defect unable to understand the nature and quality of her act or its consequences or was incapable of distinguishing right from wrong" at the time of the incident. See Hall v. State, 568 So.2d 882 (Fla.1990)(Florida courts follow the M'Naghten Rule); see also State v. McMahon, 485 So.2d 884 (Fla. 2d DCA 1986).
At trial, appellant presented two expert witnesses who testified that it was highly unlikely that appellant knew what she was doing at the time of the accident. Appellant's ex-husband and mother testified that appellant's "spells" are usually signalled by her singing and chanting. By contrast, the State presented testimony of eyewitnesses to the accident who said that appellant was not singing or chanting, that she was calm and seemed to understand questions, and that she had "altered behavior" probably as a result of the pain from her leg injury. The paramedic who treated appellant at the scene testified that while her gross motor skills did not seem to be impaired, her verbal skills did seem to be impaired.
The trial court found that the "[t]estimony presented during the defense portion of the trial showed that, ... at the time of the offense [appellant] was in a manic phase of that disorder, and at the time of the offense she knew and was able to distinguish between right and wrong, and was able to understand the act she committed was wrong."
The determination of a defendant's mental condition at the time of the offense is a question of fact. See State v. McMahon, 485 So.2d 884 (Fla. 2d DCA 1986). If there is competent substantial evidence to support the conclusion of the finder of fact, the conviction must be affirmed. Tibbs v. State, 397 So.2d 1120 (Fla.1981); see also Dwight v. State, 677 So.2d 1363 (Fla. 1st DCA 1996). In Tibbs, the supreme court described the role of an appellate court in reviewing cases such as the one at bar:
[A]n appellate court should not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment.
Tibbs, 397 So.2d at 1123 (footnotes omitted).
From our review of the record, we conclude that the trial court, sitting as the trier of fact, could have concluded that appellant failed to introduce evidence sufficient to present a reasonable doubt concerning her sanity at the time of the accident and meet the test for insanity under Florida law. As a result, the presumption of sanity did not "vanish", and the state was therefore not *357 required to prove appellant's sanity beyond a reasonable doubt.
AFFIRMED.
DELL and GROSS, JJ., concur.