BARFIELD, C. J.
We find that the trial court properly denied the appellant’s motion for judgment of acquittal, which was grounded on his insanity defense. The evidence presented indicated that the appellant suffered from bipolar disorder, required medication to treat the disorder, became angry and erratic when he was not taking his prescribed medication, and may not have been taking his medication on the night the offenses were committed. However, no evidence was presented indicating that, because of his mental disorder, the appellant did not understand the nature and consequences of his actions, nor was evidence presented that, because of his mental disorder, the appellant did not know that his actions were wrong, even if he understood their nature and consequences. Contrary to our sister court’s holding in Walker v. State, 479 So.2d 274 (Fla. 2d DCA 1985), we find that such evidence is legally insufficient to raise a reasonable doubt in the minds of the jurors regarding the appellant’s sanity at the time the offenses were committed.[1] Without such evidence, the presumption of the appellant’s sanity at the time of the offenses was not rebutted, the state was not required to prove beyond a reasonable doubt that the appellant was legally sane at the time of the offenses, and no jury instruction on the insanity defense was required to be given.
AFFIRMED.
LAWRENCE and BROWNING, JJ., CONCUR.

. See Crockham v. State, 723 So.2d 355 (Fla. 4th DCA 1998), rev. denied, 735 So.2d 1284 (Fla.1999); Cozart v. State, 399 So.2d 1097 (Fla. 1st DCA 1981); Marshall v. State, 339 So.2d 723 (Fla. 1st DCA 1976), cert. dismissed, 354 So.2d 982 (Fla.1977). See also Hall v. State, 568 So.2d 882 (Fla.1990); Chestnut v. State, 538 So.2d 820 (Fla.1989); Gurganus v. State, 451 So.2d 817 (Fla.1984); Gryczan v. State, 726 So.2d 345 (Fla. 4th DCA 1999); Camp v. State, 149 So.2d 367 (Fla. 2d DCA 1963); Perry v. State, 143 So.2d 528 (Fla. 2d DCA 1962), cert. denied, 148 So.2d 279 (Fla.1962); Evans v. State, 140 So.2d 348 (Fla. 2d DCA 1962).